**The STATE BAR OF TEXAS, Appellant,**

v.

**Mary B. EDWARDS, Appellee.**

**No. 01–82–0449–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

Jerry L. Zunker, Gen. Counsel, Steven Lee, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellant.

Craig Washington, Houston, for appellee.

Before WARREN, DOYLE and BASS, JJ.

OPINION

WARREN, Justice.

This is an appeal from a judgment finding appellee, an attorney, guilty of professional misconduct and suspending her "from the practice of law before the courts of Texas for a period of one year."

Our sole question is whether a trial judge may impose a sanction for misconduct not provided for in the State Bar Rules. We hold that he may not.

Tex.Rev.Civ.Stat.Ann. Title 14, Art. 12, § 28 provides:

If the court shall find from the evidence in a case tried without a jury, or from the verdict of a jury if there be one, that the defendant is guilty of no professional misconduct, he shall enter a judgment so declaring and dismiss the complaint; but if he shall find the defendant guilty, he shall determine whether the party shall be (a) reprimanded, or *(b) suspended from practice (in which case he shall fix the term of suspension),* or (c) disbarred; and he shall enter judgment accordingly. (emphasis added)

Appellant's only point of error urges that the trial court erred by failing to impose one of the three sanctions allowed in art. 12, § 28.

 State Bar Rules have the same effect as statutes. *Brown v. Linkerhoger,* 153 S.W.2d 342 (Tex.Civ.App.—El Paso 1941, writ ref'd n.r.e.); *Arnett v. State,* 304 S.W.2d 386 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.).

The power to impose any punishment in bar discipline cases is derived from the rules; these same rules also limit the power to such punishment prescribed therein.

The court's punishment amounted to a restriction on appellee's use of her license for a period of one year, which is not one of the three punishments prescribed in the statute. Suspension "from the practice of law before the courts ..." is not the equivalent of "suspension from practice", the sanction authorized by Art. 12, § 28(b), the sanction closest to the punishment imposed.

Appellee contends that a trial judge should be given broad discretion so that the punishment can be made to remedy the harm. She points out that since the findings of misconduct arose from her failure to attend court and represent clients, that the punishment of disallowing her to practice in the courts for one year was appropriate. This may be so, but until the rules are changed, the trial court is restricted to assessing one of the punishments prescribed by the existing rules.

The judgment is reversed and the cause remanded for the imposition of an appropriate sanction authorized by art. 12, § 28 of the State Bar Rules.