**The STATE of Texas, Appellant,**

v.

**Mary B. EDWARDS, Appellee.**

**No. 9243.**

Court of Appeals of Texas,
Texarkana.

April 23, 1985.

Steven Smoot, Adele M. Winn, Gen. Counsel, State Bar of Texas, Austin, for appellant.

Mary B. Edwards, Houston, for appellee.

BLEIL, Justice.

In this disciplinary proceeding instituted by the State Bar, we hold that a retroactive suspension from the practice of law is not authorized under the State Bar Rules, Tex. Rev.Civ.Stat.Ann. art. 12, § 28 (Vernon 1973).[1] Modifying the judgment to change the suspension dates so that the judgment is that which should have been rendered by the trial court, we affirm. Tex.R.Civ.P. 435.

This appeal is but the most recent step in the checkered history of these proceedings. The Grievance Committee of the State Bar sued Mary Edwards in the 11th Judicial District Court of Harris County. On May 13, 1982, the trial court found Edwards guilty of professional misconduct and suspended her from the practice of law "before the courts of Texas for a period of one year." The State Bar appealed, claiming that the Bar Rules authorized three sanctions: (1) reprimand, (2) suspension from practice, and (3) disbarment; and that the

---

1. Tex.Rev.Civ.Stat.Ann. art. 12, § 28 (Vernon 1973) provides:

   If the court shall find from the evidence in a case tried without a jury, or from the verdict of the jury, if there be one, that the defendant is guilty of no professional misconduct, he shall enter judgment so declaring and dismiss the complaint; but if he shall find the defendant guilty, he shall determine whether the party shall be (a) reprimanded, or (b) suspended from practice (in which case he shall fix the term of suspension), or (c) disbarred; and he shall enter judgment accordingly.

   If the judgment be one finding the defendant guilty as aforesaid, it shall direct transmittal of certified copies of the judgment and complaint to the Secretary of the State Bar and the Clerk of the Supreme Court; and the latter shall make proper notation on the membership rolls.

   This rule was in effect at all pertinent times, but has now been superseded by the new State Bar Rules, effective May 9, 1984, Tex.Rev.Civ. Stat.Ann., Title 14 App. art. 10 (Vernon Supp. 1985).

trial court erred in imposing an unauthorized sanction. The Court of Appeals agreed, holding that suspension *from the practice of law before the courts* does not constitute *suspension from practice* as authorized by Article 12, § 28(b). *State Bar of Texas v. Edwards*, 646 S.W.2d 543 (Tex. App.-Houston [1st Dist.] 1982, writ ref'd n.r.e.).

That Court rejected Edwards' argument that the trial court should have broad discretion in imposing sanctions in order to make the punishment fit the wrongful conduct. It held that the trial court must assess one of the punishments prescribed by the existing rules. Its decision, reversing and remanding the cause, directed imposition of an authorized punishment. On November 14, 1983, after remand, the trial court suspended Edwards from the practice of law for one year from May 13, 1982, to May 13, 1983. The retroactive suspension imposed is invalid because it is not an authorized sanction under Article 12, § 28 of the Bar Rules. Neither of the trial court's sanctions was authorized. Its initial suspension of Edwards from the practice of law before the courts is not, and was held not, the equivalent of suspension from practice. *State Bar of Texas v. Edwards*, supra. The most recent suspension, for a period ending before the judgment imposing the suspension, is not only an unauthorized sanction, but amounts to no sanction at all.

The trial court on two separate occasions has determined that Mary Edwards should be suspended for one year. However, on those occasions the trial court improperly imposed the suspension. Therefore, we affirm that part of the court's order which suspends Edwards from the practice of law for one year. We modify the judgment of the trial court so that the suspension from the practice of law as ordered shall take effect from the date of the issuance of this Court's mandate.

As modified, the trial court's judgment is affirmed.