801 S.W.2d 202 (1990)
The STATE BAR OF TEXAS, Appellant,
v.
Robert C.E. WOLFE, Appellee.
No. 01-90-00158-CV.
Court of Appeals of Texas, Houston (1st Dist.).
November 21, 1990.
*203 Linda A. Acevedo, Asst. Gen. Counsel, Frank J. Douthitt, Gen. Counsel, State Bar of Tex., for appellant.
Wayne H. Paris, Houston, for appellee.
Before EVANS, C.J., and O'CONNOR and HUGHES, JJ.

OPINION
HUGHES, Justice.
This is an appeal by the State Bar of Texas (the "State Bar") from a judgment finding appellee, an attorney, guilty of professional misconduct. The matter was submitted to the trial court on an agreed partial summary judgment, in which the court had previously found appellee guilty of professional misconduct. The court then conducted a hearing on the appropriate punishment and determined that appellee should be publicly reprimanded. The court then "probated" the public reprimand to a private reprimand. The judgment stated:
The parties announced to the court a stipulation pursuant to Rule 11, Texas Rules of Civil Procedure, and filed the Stipulation as an Agreed Partial Summary Judgment in this cause, admitting under the facts stipulated therein, a violation of Disciplinary Rule 6-101(A)(2) and Article X, Section 7(1) of the State Bar Rules.
The Court then held a separate hearing on the appropriate measure of discipline to be assessed pursuant to Article X Section 23(B) of the State Bar Rules and determined that the appropriate measure of discipline should be Reprimand and that said Reprimand should be probated to a private reprimand and not published in the Texas Bar Journal by using Respondent's given name therein, pursuant to Article X Section 23(C) of the State Bar Rules and Article X Section 35(B) of the State Bar Rules.
It is therefore ORDERED, ADJUDGED AND DECREED [sic] that ROBERT C.E. WOLFE, Respondent herein, is hereby REPRIMANDED for his violations of Disciplinary Rule 6-101(A)(2) and Article X, Section 7(1), State Bar Rules and that said REPRIMAND is hereby probated to a PRIVATE REPRIMAND and shall not be published in the Texas Bar Journal by using Respondent's given name therein.
The State Bar of Texas disciplinary rules (the "State Bar rules") provide that after the trial court has determined professional misconduct has occurred, it "shall determine whether the respondent shall be reprimanded or suspended from practice ... or disbarred and the court shall enter a judgment accordingly." Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 23(A) (1986).
The State Bar rules have the same effect as statutes. State Bar of Texas v. *204 Edwards, 646 S.W.2d 543, 544 (Tex.App.-Houston [1st Dist] 1982, writ ref'd n.r.e.). The power of the trial court to impose a punishment in bar discipline cases derives from the rules, and these same rules limit the punishment to what is set out in the rules. Id. The rules provide that one of the sanctions for professional misconduct is "reprimand by a district court, which reprimand will be publicized." Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 8(4) (1986) (emphasis added).
When considering the State Bar rules, we look to the entire rule rather than to one phrase, clause, or sentence. One provision or part will not be given meaning or construction out of harmony or inconsistent with the other provisions. State v. Malone, 692 S.W.2d 888, 896 (Tex.App.-Beaumont 1985, writ ref'd n.r.e.). The trial court is restricted to assessing one of the punishments prescribed by the existing rules. State v. Edwards, 691 S.W.2d 747, 748 (Tex.AppTexarkana 1985, no writ); Edwards, 646 S.W.2d at 544.
The State Bar complains the trial court erred in "probating" appellee's punishment, effectively punishing appellee by a private reprimanda punishment not provided for by the State Bar rules. Appellee contends the trial court had the discretion to probate his sentence because the court may make and enter all such other and further orders as is required. Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 23(C) (1986).
We do not quarrel with appellee's assertion that the trial court has broad discretion to determine whether an attorney should be reprimanded, suspended, or disbarred. State v. Pevehouse, 483 S.W.2d 565, 566 (Tex.Civ.App.-Eastland 1972, writ ref'd n.r.e.). However, appellee's reliance on the authority of the trial court to make and enter other orders, including the granting of probation, is inapplicable. Section 23 of the State Bar rules provides that "[I]n all judgments of disbarment, suspension or reprimand, the court may make and enter all such other and further orders as the protection of the public and the respondent's clients may require, including probation of a suspension or a reprimand." Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 23(C) (1986). The plain wording of the section permits the trial court to enter other orders, including probation, as the court deems is necessary, not for the respondent's sake, but for the public's protection and for the benefit of the respondent's clients. The section does not, however, authorize the trial judge to reduce the order of disbarment, suspension, or public reprimand to a lesser sanction, such as a private reprimand.
We conclude that, when read together, §§ 8 and 23 require that, if a judge determines a reprimand is the appropriate punishment, then that reprimand must be publicized. The trial court, by reducing the public reprimand to a private one through the use of probation, imposed a sanction not prescribed by the rules. Accordingly, the judgment is reversed, and the cause is remanded for the imposition of an appropriate sanction authorized by article X, section 8 of the State Bar of Texas disciplinary rules.[1]Edwards, 646 S.W.2d at 544.
NOTES
[1] A public reprimand, although required by § 8, may be probated pursuant to § 23. The terms and conditions of a probated public reprimand are matters for the trial court's discretion.