**Douglas F. CUSHNIE, Appellant,**

v.

**The STATE BAR OF TEXAS, Appellee.**

**No. 01–91–01287–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1992.

Rehearing Denied Feb. 11, 1993.

Edward E. Lindsay, Robert Hohenberger, Houston, for appellant.

James M. McCormack, Linda A. Acevedo, Austin, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to determine if the trial court erred in finding Douglas F. Cushnie should be publicly reprimanded for charging excessive fees as an attorney in the Commonwealth of the Northern Mariana Islands, pursuant to SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 27(C) (Texas Rules of Disciplinary Procedure) (1988). We find it did not and affirm.

### Fact summary

Cushnie, an attorney who is licensed in the Commonwealth Trial Court of the Northern Mariana Islands[1] and in Texas, agreed to a public reprimand and a $5,000 fine by the Disciplinary Tribunal in the Northern Mariana Islands.

The disciplinary action arose from a complaint filed by a former client, Kan Pacific Saipan Co., Ltd. (Kan), that claimed Cushnie charged excessive fees in a breach of contract action. Cushnie charged Kan

1. The commonwealth consists of 16 islands, totaling 183.5 miles located just north of Guam in the Pacific Ocean. It is in Guam's judicial circuit of the United States.

$414,550 for winning a dismissal of the contract action. The case was based on a complaint that Kan failed to develop property leased from the Marianas Public Land Corporation into a tourist attraction as agreed in their lease. Cushnie considered it a risky case, because Kan would have to close down if it lost. Cushnie said he told the vice-president of Kan he would charge a fee of $500–an–hour, but if he won, he would expect additional compensation due to the high risks involved. Cushnie took his $500–an–hour figure and multiplied it by five and deducted fees and costs paid. Cushnie said he showed the Kan vice-president his bill for $414,550, who told him it was reasonable. Cushnie sent the bill to the company headquarters in Japan.

Cushnie's lawyers advised him to agree to the disciplinary action in the Mariana Islands, because it was the best course of action. The alternative was to go to federal court. He said he agreed to the disciplinary action to avoid appearing before a commonwealth judge who had great animosity toward him.

Cushnie notified all jurisdictions where he practices about the reprimand.[2] He only received responses from Hawaii and Texas. The Supreme Court of Hawaii dismissed the reciprocal discipline petition.

1. Reciprocal discipline

In point of error one, Cushnie argues the trial court erred in finding he should be reprimanded, pursuant to article X, section 27 of the State Bar Rules.

■■■ The State Bar rules have the same effect as statutes. *State Bar of Texas v. Wolfe*, 801 S.W.2d 202, 203 (Tex. App.—Houston [1st Dist.] 1990, no writ). The power of the trial court to impose a punishment in bar discipline cases derives from the rules, and these rules limit the punishment to what is set out in the rules. *Id.* at 204.

■■ The Texas reciprocal discipline statute states "if [the] respondent answers the disciplinary petition [within 30 days], the court shall impose the *identical discipline* unless [the] respondent shows *by clear and convincing evidence*" he should fall into one of the enumerated exceptions. SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 27(C) (Texas Rules of Disciplinary Procedure) (1988) (emphasis added). Cushnie argues his situation falls under the exception in subsection (C)(2) which states,

There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject.

Cushnie asserts there was insufficient proof to establish misconduct, and he also argues under subsection (C)(3) "the imposition of the same discipline by the court would result in grave injustice." This injustice is based on the fact there is no Mariana Bar Journal in which Cushnie's name would appear. In Texas, this public reprimand would have a more severe impact, because it would be printed in the much-read Texas Bar Journal. This Court, however, has held if the judge determines a reprimand is the appropriate punishment for professional misconduct, the State Bar rules require that reprimand must be publicized. *Wolfe*, 801 S.W.2d at 204.

Cushnie adds the lack of due process in the Commonwealth of the Northern Mariana Islands makes this action in Texas grossly unfair. The essence of Cushnie's argument is that the proceedings against him in the Commonwealth of the Northern Mariana Islands were biased and did not constitute a fair and impartial decision. He bases this on the fact that the lawyer who reported him took over his position as attorney for Kan and was a member of the ethics committee. He argues that, despite the fact this person excused himself from the decision of the committee, only one member of the five-member ethics panel

---

2. The jurisdictions notified include: the Republic of Palau, Free State of Micronesia, Commonwealth of the Northern Mariana Islands, federal courts, including both the courts in the Commonwealth Territory of Guam and the State of Hawaii, the Ninth Circuit Court of Appeals, United States Tax Court, Court of Claims, and the Supreme Court.

voted to continue the complaint against him, and this did not constitute a quorum.

Cushnie also alleges the chief judge of the Commonwealth Trial Court had a bias against him stemming from a 1975 murder case. In that case, the chief judge held Cushnie in contempt for failing to appear at a pre-trial proceeding. He had previously obtained a continuance, and the contempt was quashed. Cushnie states that since the contempt situation, he has had tense relations with the judge and has asked the judge to recuse himself on several occasions. He said he agreed to the disciplinary action to avoid the risk of higher punishment at the hands of this judge.

The State Bar of Texas argues Cushnie agreed to the reprimand and did not establish by clear and convincing evidence his situation fits into an exception to article X, section 27 of the State Bar Rules. Cushnie did not dispute the findings of fact and conclusions of law issued by the trial court. If not challenged in a point of error in Cushnie's brief, these findings are binding on the appellate court. *City of Corpus Christi v. Davis,* 575 S.W.2d 46, 51 (Tex. App.—Corpus Christi 1978, no writ).

Cushnie agreed to the reprimand in the Commonwealth of the Northern Mariana Islands. He even testified he "very definitely" discussed what effect accepting the public censure would have with respect to other jurisdictions. His fee of $414,500, amounting to about $2,500 an hour, would certainly be excessive by most standards, even for a difficult breach of contract action. The 11th District Court could reasonably have found Cushnie violated rule 1.04 of the State Bar Rules, which states,

> a lawyer shall not enter into an arrangement for, charge, or collect an illegal or unconscionable fee. A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable.

SUPREME COURT OF TEXAS, STATE BAR RULES art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 1.04(a) (1991).

The rule lists several factors to be considered in determining the reasonableness of a fee including:

1. The time and labor required, novelty and difficulty of the questions, and skill needed.

2. The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer.

3. The fee customarily charged in the locality for similar legal service.

4. The time limitations imposed by the client or the circumstances.

5. The nature and length of the professional relationship with the client.

Cushnie states there were high risks involved in the breach of contract action. He states there were problems where his client may have deliberately failed to comply with the terms of the lease, and if the prosecution was vigorous, it would create a difficult situation above and beyond the mere failure to comply. If his client lost the case, it would have been forced to go out of business. Cushnie said he told his client he expected additional compensation if he won. It was Cushnie's burden to prove the fees he charged were reasonable. *City of Houston v. First City,* 827 S.W.2d 462, 476 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Kan did not have the burden of proving they were unreasonable. *Id.* A fee of $2,500-an-hour, however, is an exceptionally high fee.

Despite his claims of bias and prejudice of the tribunal in the Commonwealth of the Northern Mariana Islands, Cushnie did not establish by clear and convincing evidence the imposition of the same discipline in Texas would result in grave injustice or that there was an infirmity of proof establishing misconduct.

We overrule point of error one.

## 2. Evidence outside the record

In point of error two, Cushnie argues the trial court erred in going outside the record to secure evidence.

The trial judge stated he would call Juan Bavauta, who was on observer sta-

 

tus[3] in Washington, D.C. for the Commonwealth of the Northern Mariana Islands, to determine if the trial court had jurisdiction. No testimony of a conversation with Juan Bavauta is found. An appellate court may not consider matters that are not part of the record on appeal. *White v. Rupard,* 788 S.W.2d 175, 179 (Tex.App.—Houston [14th Dist.] 1990, no writ).

There is no proof the court went outside the record to secure evidence by contacting Juan Bavauta, and there is no proof the trial court relied on any information it may have obtained outside the record. Moreover, Cushnie did not object to this other evidence at trial; therefore, it cannot be raised for the first time on appeal.

We overrule point of error two and affirm the district court's ruling ordering a public reprimand printed in the Texas Bar Journal.

---

**3.** The Commonwealth elects a delegate, every two years, who maintains "observer status" in Washington, D.C.