NO. 07-02-0149-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 7, 2003



______________________________




LUBBOCK COUNTY CENTRAL APPRAISAL DISTRICT, APPELLANT



V.



JESSE CONTRAREZ, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 93-730,705; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

OPINION


 This appeal arises from a judicial foreclosure by the Lubbock Central Appraisal
District (the District), pursuant to Chapter 34 of the Tex Code, (2) of tax liens on two tracts
of land owned by Jesse Contrarez. A foreclosure sale of the property was held in
December 1999. The property was sold for an amount more than sufficient to satisfy the
District's liens, as well as the federal tax liens on it. As required by section 34.03(a)(1),
the District Clerk notified Contrarez that there were excess proceeds to which he was
entitled being held by her office. In the notice, the clerk recited the statutory procedures
for obtaining the excess proceeds of a tax sale.

 On November 27, 2001, Contrarez consulted with attorney Samuel Brown Silverman
about claiming the excess proceeds. As a result of the conversation, in exchange for
$450, Contrarez assigned his claim to the proceeds in writing to Silverman. On November
29, 2001, by virtue of the assignment, Silverman filed his claim in this cause for the excess
proceeds of the tax foreclosure sale. He attached the written assignment of the proceeds
to him from Contrarez to his motion.

 On January 3, 2002, a hearing was held on Silverman's motion at which Silverman
testified as to the facts concerning the assignment. In the course of his testimony,
Silverman said he had told Contrarez he would charge between $1,000 and $2,000 to
handle the recovery of the excess. When asked if he had told Contrarez that other
attorneys might charge less, Silverman responded that he did not know what other
attorneys would charge. The trial judge then inquired why Contrarez was not present at
the hearing. Silverman responded that it was because he did not believe Contrarez had
any claim to the excess proceeds. Although Contrarez's signature on the assignment was
notarized, the trial judge said he wanted to speak to him "to confirm that he did, in fact,
sign this document. Silverman provided the judge with Contrarez's address and the
telephone number of Contrarez's daughter.

 On March 18, 2002, Silverman filed a motion to enter judgment on his pleading. 
That motion was heard on March 29, 2002. Contrarez did not appear at the hearing. The
trial judge opened the hearing by remarking:

 Mr. Silverman, the court has visited with Mr. Contrarez. The court is of the
opinion that you can do one of two things. You can work something out with
Mr. Contrarez, or I will refer you to the grievance board because it is the
court's opinion that you committed fraud in the conversation you had with Mr.
Contrarez.


The trial judge signed an order denying Silverman's motion the same day. Silverman filed
a request for findings of fact and conclusions of law and, when they were not timely filed,
a notice of past due findings of fact and conclusions of law pursuant to Rule of Civil
Procedure 297. However, no such findings and conclusions were ever filed.

 Silverman duly perfected this appeal and, in doing so, presents two issues for our
determination. They are whether the trial court reversibly erred by failing to 1) release the
excess proceeds to him, and 2) file findings of fact and conclusions of law. The District is
not a party to the appeal.

 We initially address Silverman's second issue. A trial court has a mandatory duty
to file findings of fact and conclusions of law when they are requested in compliance with
Rule 297 and the failure to do so is presumed to be harmful. Cherne Industries, Inc. v.
Magallenes, 763 S.W.2d 768, 772 (Tex. 1989). The test for harm depends upon the
circumstances of the case and whether an appellant would have to guess the reasons for
the trial judge's ruling. Elizando v. Gomez, 957 S.W.2d 862, 865 (Tex. App.-San Antonio
1997, pet. denied).

 Ordinarily, the remedy for the erroneous failure to file findings of fact and
conclusions of law is to abate the appeal for entry of findings and conclusions. See
Rothwell v. Rothwell, 775 S.W.2d 888, 890 (Tex. App.-El Paso 1989, no writ). However,
in this particular instance, there is no need for such an abatement because 1) the reason
for the court's ruling is clear from the record, and 2) the record fails to show any disputed
fact issue for the court's resolution. See City of Galveston v. Giles, 902 S.W.2d 167, 170
n.2 (Tex. App.-Houston [1st Dist.] 1995, no writ) (holding findings of fact are not
appropriate in a trial on stipulated facts).

 The evidence is undisputed that Silverman is the assignee of Contrarez's claim to
the excess proceeds and that he claimed those proceeds in compliance with the applicable
statutory requirements. (3) The trial court's stated reasons for denying Silverman's claim was
that Silverman had committed fraud in connection with obtaining the assignment. The
judge's conclusion was apparently based upon an ex parte conversation with Contrarez. 
The contents of the conversation are not shown in the record, nor does it show that the
statement was made under oath. In reviewing the trial court's actions, we may not
consider matters that are outside the record. Cushnie v. State Bar of Texas, 845 S.W.2d
358, 361 (Tex. App.-Houston [1st Dist.] 1992, writ denied).

 Because the only record before us conclusively establishes Silverman's right to the
excess proceeds, we must, and do, hereby reverse the trial court's order and render
judgment for Silverman for the excess proceeds held by the district clerk. Tex. R. App. P.
43.2(c). 


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. All statutory references will be to the Texas Tax Code Ann. (Vernon 2002), unless
otherwise specifically noted.
3. Section 34.04 of the Tax Code was amended after the foreclosure and sale but
before the assignment to Silverman. The amendment added subsections (e) through (l). 
Silverman's assignment contains each of the additional requirements imposed by
subsection (f) of the current statute. 



992). 
Absent express authority, courts of appeals do not have jurisdiction to review interlocutory
orders, see Ex parte Apolinar v. State, 820 S.W.2d 792, 794 (Tex.Crim.App. 1991),
although some narrow exceptions to such rule may exist. See Wright v. State, 969 S.W.2d
588, 589 (Tex.App.-Dallas 1998, no pet.).

 The courts of appeals have split over whether appellate jurisdiction exists in regard
to direct appeals from pretrial bail rulings such as the one before us. Compare Ramos v.
State, 89 S.W.3d 122, 124-26 (Tex.App.-Corpus Christi 2002, no pet.) (TRAP 31.1
contemplates appeals of orders in bail proceedings) with Benford v. State, 994 S.W.2d
404, 409 (Tex.App.-Waco 1999, no pet.) (appellate jurisdiction does not exist over appeal
from interlocutory pretrial order increasing amount of bail because no statutory grant of
jurisdiction) and Ex parte Shumake, 953 S.W.2d 842, 846-47 (Tex.App.-Austin 1997, no
pet.). See also Wright, 969 S.W.2d at 589-90 ("This appeal does not fall within one of the
exceptions to the rule, nor are we inclined to construe rule 31.1 of the rules of appellate
procedure to encompass a direct appeal of a pretrial order revoking bond."). 

 We lack a statutory grant of jurisdiction over this appeal. See Benford, 994 S.W.2d
at 409. And, although TRAP 31 addresses, in part, appeals from bail proceedings, we
note that the Rules of Appellate Procedure do not establish jurisdiction of courts of
appeals, see Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996), and cannot
create jurisdiction where none exists. See State v. Riewe, 13 S.W.3d 408, 413
(Tex.Crim.App. 2000). 

 We concur with the conclusions reached by the Benford and Shumake courts. We
lack jurisdiction over this direct appeal from interlocutory pretrial orders refusing to lower
bail pursuant to CCP 17.151. Appellant's second issue is dismissed for want of
jurisdiction.CONCLUSION

 We affirm. 

 Phil Johnson

 Chief Justice


Publish.
1. Further reference to a provision of the Code of Criminal Procedure will be by
reference to "CCP art._."
2. Further reference to a Rule of Appellate Procedure will be by reference to "TRAP
_____."
3. To the extent appellant's first issue is based on his amended applications for writs
of habeas corpus and the rights he claimed therein under CCP art. 17.151, no reference
was made to the applications in his notices of appeal and no written orders were entered
as to those applications. The trial court's oral pronouncement refusing to reduce
appellant's bail pursuant to the amended habeas applications may not have been sufficient
to comprise appealable orders under these records and given the posture of this appeal. 
See TRAP 25.2(b)(2) and 26.2(a)(1); State v. Kibler, 874 S.W.2d 330, 332 (Tex.App.--Fort
Worth 1994, no pet.). Because of our disposition of appellant's first issue, we do not
address sufficiency of the notices of appeal to invoke our jurisdiction as to the amended
habeas applications, whether appealable orders existed as to the amended habeas
applications, or the effect of any possible lack of appealable orders as to our jurisdiction
over an issue based on the applications.