**COMMISSION FOR LAWYER DISCIPLINE, Appellant**

v.

**Gerald P. DENISCO, Appellee.**

**No. 14–03–00449–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 15, 2004.

Linda A. Acevedo, Austin, for appellant.

Joe R. Blackburn, Houston, for appellee.

Panel consists of Justices YATES, HUDSON, and FOWLER.

## OPINION

WANDA McKEE FOWLER, Justice.

This case requires us to decide if a district court had the authority after its plenary power has passed to shorten the length of a probationary term assessed against a lawyer who violated the Texas Disciplinary Rules of Professional Conduct. Appellant, the Commission for Lawyer Discipline, argues that the trial court lacked jurisdiction to terminate the probationary period before the termination date

contained in the original judgment. We agree. We therefore vacate the trial court's judgment, dismiss the appeal, and reinstate the trial court's original order imposing the full term of probation.

## FACTUAL BACKGROUND

The Commission for Lawyer Discipline initiated disciplinary proceedings against Gerald P. DeNisco for alleged professional misconduct involving two of DeNisco's clients. The trial court found that DeNisco committed violations of Texas Disciplinary Rules of Professional Conduct 1.03(a), 1.15(d), and 8.04(a)(11). On July 10, 2002, it entered a Final Judgment of Suspension against him. As a disciplinary sanction, the trial court ordered DeNisco suspended from the practice of law for three months, with the suspension being fully probated for one year. The trial court also ordered DeNisco to pay a total of $26,146.13 in restitution to the former clients, and $4,008.48 in costs and expenses to the State Bar of Texas.

Seven months later, on February 7, 2003, DeNisco filed a Motion for Early Termination of Probation. In the motion, he asserted that the disciplinary judgment had caused the federal court to deny him readmission to practice before them. The Commission opposed the motion, arguing that the trial court lacked the statutory authority or jurisdiction to consider DeNisco's request for early termination of his probation; it also challenged the motion on the merits. At a hearing on the motion on March 10, 2003, the trial court concluded it had jurisdiction to change its earlier order and entered an order terminating DeNis-co's disciplinary probation. This appeal followed.

## ANALYSIS

In three issues, the Commission contends the trial court lacked jurisdiction to terminate DeNisco's disciplinary probation. DeNisco responded and filed a motion to dismiss the appeal as moot. Because the motion is potentially dispositive of the case, we begin there.

### 1. Is the Appeal Moot?

DeNisco argues, without authority, that the Commission's appeal is moot because the full term of the probation, which was to start on July 10, 2002, and to end on July 9, 2003, has passed and the probation is now terminated. If we find the trial court did not have the authority to terminate the probation early, DeNisco contends the parties would revert to the original judgment, the terms of which "have been fully performed." We disagree both with the proposition that the appeal is moot and that the terms of the probation, which the trial court's later order shortened by four months, have been "fully performed." Because DeNisco's suspension was fully probated, and he was therefore allowed to continue to practice law, the trial court's early termination of the probation eliminated any requirement that DeNisco continue to comply with the terms of the probation.[1] Indeed, the trial court's order affirmatively stated that, with the termination of his probation, "there are no conditions on his rights to practice law in the jurisdictions in which he is licensed, other than those conditions

---

1. Among other things, during the period of probation, DeNisco was ordered to not engage in professional misconduct; to not violate any state or federal criminal laws; to respond to any request for information from any grievance committee of the State Bar in accordance with the Disciplinary Rules; and, to pay the restitution, costs, and expenses as ordered in the judgment. DeNisco's attorney represented to the trial court that the restitution, costs and expenses were paid, but no evidence was submitted to support the representation.

and standards that govern all attorneys so licensed." As a result of the early termination, DeNisco was subject to court scrutiny—and subject to having his license suspended—for a shorter time than called for in the judgment.

We also agree with the Commission that the case is not moot because the substantial rights of the parties will be affected. Our ruling will determine whether DeNisco's disciplinary record will reflect the terms of the original judgment or the reduced period of probation. *See Pinnacle Gas Treating, Inc. v. Read,* 104 S.W.3d 544, 545–46 (Tex.2003) (per curiam) (holding live controversy existed in appellate court because whether trial court erred in dismissing first of two condemnation proceedings affected substantial rights of parties). Finally, we note that this issue appears to be one of first impression and could potentially affect other judgments and the actions of other courts.

Therefore, we overrule DeNisco's motion to dismiss the appeal as moot.

## 2. Did the Trial Court have Jurisdiction to Terminate DeNisco's Probation Early?

We now turn to the substance of this appeal. The crux of the Commission's argument is that the trial court lacked jurisdiction to terminate DeNisco's probation early because the Texas Rules of Disciplinary Procedure restrict the trial court's continuing jurisdiction to act during probation. Under the rules, the court can take only one action: consider motions to revoke probation. We agree and, as we explain below, we hold that the trial court lacked jurisdiction to modify its prior or-

der of suspension and terminate the period of probation early.[2]

The Supreme Court's power to regulate the practice of law in the State of Texas is derived from both statutory and inherent powers. *State Bar of Texas v. Gomez,* 891 S.W.2d 243, 245 (Tex.1994). In carrying out its responsibility, the Court has established a comprehensive system of lawyer disciplinary and disability proceedings governed by the Texas Rules of Disciplinary Procedure. *Board of Disciplinary Appeals v. McFall,* 888 S.W.2d 471, 472 (Tex. 1994); *see* TEX.R. DISCIPLINARY P. 1.01–15.13, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A–1. These rules have the same force and effect as statutes. *See O'Quinn v. State Bar of Texas,* 763 S.W.2d 397, 398 (Tex.1988); *State Bar of Texas v. Wolfe,* 801 S.W.2d 202, 203 (Tex.App.-Houston [1st Dist.] 1990, no writ); *Cushnie v. State Bar of Texas,* 845 S.W.2d 358, 359 (Tex.App.-Houston [1st Dist.] 1992, writ denied).

Disciplinary actions in the trial court are governed by Part III of the Rules of Disciplinary Procedure. *See* TEX.R. DISCIPLINARY P. 3.01–.16. In these actions, the Texas Rules of Civil Procedure apply except as altered by the Rules of Disciplinary Procedure. *See* TEX.R. DISCIPLINARY P. 3.08B. Looking first to the Rules of Civil Procedure, Rule 329b provides that a trial court has plenary power to vacate, modify, correct, or reform its judgment within thirty days after the judgment is signed. *See* TEX.R. CIV. P. 329b(d). After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment by

---

**2.** While it has no effect on this case, we note that, effective January 1, 2004, the Supreme Court of Texas adopted changes to the Texas Rules of Disciplinary Procedure. Among the changes, Rule 3.11 is revised to expressly provide as follows: "The continuing jurisdic-

tion of the trial court to enforce a judgment does not give a trial court authority to terminate or reduce a period of active *or probated* suspension previously ordered" (emphasis added). *See* State Bar of Texas, http://www.texasbar.com (March 25, 2004).

judgment nunc pro tunc. *See Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986); *LaGoye v. Victoria Wood Condominium Assoc.*, 112 S.W.3d 777, 783 (Tex.App.-Houston [14th Dist.] 2003, no pet.); Tex.R. Civ. P. 306a(6), 316. A trial court retains the authority to enforce its judgments, but its enforcement orders may not be inconsistent with the original judgment or constitute a material change in the substantive adjudicated portions of the judgment. *See Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex.App.-Houston [14th Dist.] 1993, no writ); Tex.R. Civ. P. 308.

Here, the trial court's original order of suspension was signed July 10, 2002. Thus, the deadline for DeNisco to request a modification of the judgment was August 9, 2002. However, he did not file his motion to terminate his probation until February 7, 2003—nearly six months after the trial court's plenary power expired. DeNisco does not contend, nor could he, that the trial court's order terminating his probation early was a clerical error or an order enforcing its prior judgment.[3] Therefore, under the Rules of Civil Procedure, the trial court lacked the authority to modify the terms of its original judgment by terminating DeNisco's probation early, and DeNisco's request for early termination was, in effect, an improper collateral attack on a final judgment.

■ Having found that the Rules of Civil Procedure do not give the court authority to do what it did, we must determine if the Rules of Disciplinary Procedure alter these procedural rules. *See* Tex.R. Disciplinary P. 3.08B. In considering this question, we are mindful that

courts may only act in the manner provided by the statute which created the right. *See Bullock v. Amoco Prod.*, 608 S.W.2d 899, 901 (Tex.1980).

■ Thus, we turn to Part III of the Rules of Disciplinary Procedure—which governs disciplinary actions—to see if it bestows any authority on the trial court to act beyond its plenary power. One provision, Rule 3.13, discusses the right of the trial court to act beyond its plenary power. That provision is entitled "Probation Suspension—Revocation Procedure," and addresses the continuing jurisdiction of the trial court over a probationary period:

> If all or any part of a suspension from the practice of law is probated under this Part III, the court retains jurisdiction during the full term of suspension, including any probationary period, to hear a motion to revoke probation. If the Chief Disciplinary Counsel files a motion to revoke probation, it shall be set for hearing before the court without the aid of a jury within thirty days of service of the motion upon the Respondent. Service upon the Respondent shall be sufficient if made in accordance with Rule 21a of the Texas Rules of Civil Procedure. Upon proof by a preponderance of the evidence of a violation of probation, the same shall be revoked and the attorney suspended from the practice of law for the full term of suspension without credit for any probationary time served.

Tex.R. Disciplinary P. 3.13. Under Rule of Disciplinary Procedure 3.13, then, the trial court is granted continuing jurisdiction to hear and rule on a motion to revoke

---

**3.** At oral argument, DeNisco raised for the first time the argument that the order was not a final order because it did not dispose of all issues and parties before the court. *See North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966) (stating that "an appeal may be prosecuted only from a final judgment and ... to be final a judgment must dispose of all issues and parties in a case"). However, DeNisco was unable to identify any authority to support his contention that the order of suspension here was not a final order.

a probationary period. This clothes the court with authority to enforce its order of probation by revoking the probation and ordering the suspension to commence. Notably, the rule mentions no other motion that the court may hear and no other action that the court may take. Generally, the express mention or enumeration of one thing, consequence, or class is equal to the express exclusion of all others. *See In re Clark*, 977 S.W.2d 152, 156 (Tex.App.-Houston [14th Dist.] 1998) (orig.proceeding). With no mention of any other motion or proceeding the court may hold, we are to presume that they are expressly excluded. *See id.; see also Stolhandske v. Stern*, 14 S.W.3d 810, 813 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) (applying legal maxim *expressio unius est exclusio alterius* to hold statute's inclusion of specific limitation excludes all others); *Steering Comms. v. Pub. Util. Comm'n*, 42 S.W.3d 296, 302 (Tex.App.-Austin 2001, no pet.) (applying presumption that purposeful inclusion of certain terms in statute implies purposeful exclusion of absent terms under principle of statutory interpretation *inclusio unius est exclusio alterius*). Thus, we are led to the unavoidable conclusion that a court has no power to do anything other than what is so carefully and specifically stated in the rule.

Not surprisingly, cases specific to disciplinary actions support our conclusion. In *Board of Disciplinary Appeals v. McFall*, the Texas Supreme Court issued writs of mandamus and prohibition to prevent a district court enjoining the Board of Disciplinary Appeals from revoking an attorney's probation and suspending him from practice. *McFall*, 888 S.W.2d at 472. The Court specifically held that the district court lacked jurisdiction because the Rules of Disciplinary Procedure did not provide for the injunctive relief sought by the lawyer. *Id.*

■ Similarly, in *State Bar of Texas v. Wolfe*, 801 S.W.2d 202, 204 (Tex.App.-Houston [1st Dist.] 1990, no writ), the court found that the trial court had no authority under the disciplinary rules to probate the attorney's reprimand to what effectively was a private reprimand, because the sanction was not provided for in the rules. As the court reasoned, "The power of the trial court to impose a punishment in bar discipline cases derives from the rules, and these same rules limit the punishment to what is set out in the rules." *Id.* And in *State Bar of Texas v. Wallace*, 1994 WL 605912, at *2 (Tex.App.-Dallas 1994, no writ) (not designated for publication), the court declined to include an equitable exception to the stated time periods governing reinstatement provided for in the disciplinary rules. The court noted that, while the trial court has discretion in determining the punishment to impose on an attorney, the rules applicable to reinstatement did not give the trial court discretion to allow applications for reinstatement earlier than the period provided for in the rules. *Id.*

DeNisco's sole argument in response is that, if the trial court has discretion to impose a disciplinary sanction on a lawyer, then it has the discretion, later, to modify or amend the sanction. In support of his argument, DeNisco directs us to Rule of Disciplinary Procedure 3.10, which contains the words, "[t]he trial court may in its discretion . . . ," and cites two cases, *Bryan v. Resolution Trust Corporation*, 823 S.W.2d 433, 434 (Tex.App.-San Antonio 1992, writ dism'd w.o.j.), and *Becknell v. D'Angelo*, 506 S.W.2d 688, 692 (Tex.App.-Fort Worth 1974, writ dism'd). DeNisco's authorities fail him for several reasons.

■ First, Rule 3.10 governs evidentiary hearings on sanctions, and provides that the trial court "may, in its discretion, conduct a separate evidentiary hearing on the

appropriate Sanction or Sanctions to be imposed." TEX.R. DISCIPLINARY P. 3.10. The rule then lists the factors the court is to consider in imposing a sanction. DeNisco does not explain how Rule 3.10's express grant of discretion to hold a separate evidentiary hearing on the sanction to be imposed applies when the trial court attempts to modify a prior final judgment imposing sanctions. And, while it may be true that the trial court has discretion to determine the appropriate sanction to be imposed, the Rules of Disciplinary Procedure do not grant further discretion by expressly authorizing the trial court—after its plenary power has expired—to reduce or terminate early a probation of a suspension previously ordered. *See Wolfe*, 801 S.W.2d at 204; *Wallace*, 1994 WL 605912 at *2. Second, as discussed above, DeNisco's reasoning ignores the general limitations on the trial court's plenary power. *See* TEX.R. CIV. P. 329b(d) (providing trial court has plenary power to modify, correct or reform a judgment for thirty days after judgment is signed). Third, the cases DeNisco cites involved the trial court's modification of an order prior to the expiration of its plenary power. *See Bryan,* 823 S.W.2d at 434; *Becknell,* 506 S.W.2d at 692.

Given the foregoing, we conclude that the trial court had no jurisdiction to modify the July 10, 2002 judgment to terminate DeNisco's probation before the termination date contained in his original judgment of probated suspension. The trial court's continuing jurisdiction over DeNisco's probation was limited to hearing a motion to revoke probation; once its plenary power had expired, it had no jurisdiction to hear DeNisco's motion to terminate his probation early. *See* TEX.R. DISCIPLINARY P. 3.13. We therefore vacate the trial court's judgment of March 10, 2003, and dismiss the appeal. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995). As the March 10, 2003 order was void, the order of July 10, 2002 imposing on DeNisco a three-month suspension, fully probated for one year, is reinstated for DeNisco to serve the remaining period of his probation.