Appeal Dismissed and Opinion filed April 15, 2004














Dismissed and Opinion filed April 15, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00449-CV

____________

 

COMMISSION FOR
LAWYER DISCIPLINE, Appellant

 

V.

 

GERALD P. DENISCO, Appellee

 



 

On Appeal from the 269th
District Court

Harris County,
Texas

Trial Court Cause No. 02-07667

 



 

O P I N I O N

This case requires us to decide if a
district court had the authority after its plenary power has passed to shorten the
length of a probationary term assessed against a lawyer who violated the Texas
Disciplinary Rules of Professional Conduct. 
Appellant, the Commission for Lawyer Discipline, argues that the trial
court lacked jurisdiction to terminate the probationary period before the
termination date contained in the original judgment.  We agree. 
We therefore vacate the trial court=s judgment,
dismiss the appeal, and reinstate the trial court=s original order
imposing the full term of probation.  

 








Factual
Background

The Commission for Lawyer Discipline
initiated disciplinary proceedings against Gerald P. DeNisco for alleged
professional misconduct involving two of DeNisco=s clients.  The trial court found that DeNisco committed
violations of Texas Disciplinary Rules of Professional Conduct 1.03(a),
1.15(d), and 8.04(a)(11).  On July 10,
2002, it entered a Final Judgment of Suspension against him.  As a disciplinary sanction, the trial court
ordered DeNisco suspended from the practice of law for three months, with the
suspension being fully probated for one year. 
The trial court also ordered DeNisco to pay a total of $26,146.13 in
restitution to the former clients, and $4,008.48 in costs and expenses to the
State Bar of Texas.

Seven months later, on February 7, 2003,
DeNisco filed a Motion for Early Termination of Probation.  In the motion, he asserted that the
disciplinary judgment had caused the federal court to deny him readmission to
practice before them.  The Commission
opposed the motion, arguing that the trial court lacked the statutory authority
or jurisdiction to consider DeNisco=s request for
early termination of his probation; it also challenged the motion on the
merits.  At a hearing on the motion on
March 10, 2003, the trial court concluded it had jurisdiction to change its
earlier order and entered an order terminating DeNisco=s disciplinary
probation.  This appeal followed.

Analysis

In three issues, the Commission contends
the trial court lacked jurisdiction to terminate DeNisco=s disciplinary
probation.  DeNisco responded and filed a
motion to dismiss the appeal as moot. 
Because the motion is potentially dispositive of the case, we begin
there.

1.       Is
the Appeal Moot?








DeNisco argues, without authority, that
the Commission=s appeal is moot because the full term of
the probation, which was to start on July 10, 2002, and to end on July 9, 2003,
has passed and the probation is now terminated. 
If we find the trial court did not have the authority to terminate the
probation early, DeNisco contends the parties would revert to the original
judgment, the terms of which Ahave been fully
performed.@  We
disagree both with the proposition that the appeal is moot and that the terms
of the probation, which the trial court=s later order shortened
by four months, have been Afully performed.@  Because DeNisco=s suspension was
fully probated, and he was therefore allowed to continue to practice law, the
trial court=s early termination of the probation
eliminated any requirement that DeNisco continue to comply with the terms of
the probation.[1]  Indeed, the trial court=s order
affirmatively stated that, with the termination of his probation, Athere are no
conditions on his rights to practice law in the jurisdictions in which he is
licensed, other than those conditions and standards that govern all attorneys
so licensed.@  As
a result of the early termination, DeNisco was subject to court scrutinyCand subject to
having his license suspendedCfor a shorter time
than called for in the judgment.  

We also agree with the Commission that the
case is not moot because the substantial rights of the parties will be
affected.  Our ruling will determine
whether DeNisco=s disciplinary record will reflect the
terms of the original judgment or the reduced period of probation.  See Pinnacle Gas Treating, Inc. v. Read,
104 S.W.3d 544, 545B46 (Tex. 2003) (per curiam) (holding live
controversy existed in appellate court because whether trial court erred in
dismissing first of two condemnation proceedings affected substantial rights of
parties).  Finally, we note that this
issue appears to be one of first impression and could potentially affect other
judgments and the actions of other courts. 


Therefore, we overrule DeNisco=s motion to
dismiss the appeal as moot.  








2.       Did
the Trial Court have Jurisdiction to Terminate DeNisco=s Probation Early?

We now turn to the substance of this
appeal.  The crux of the Commission=s argument is that
the trial court lacked jurisdiction to terminate DeNisco=s probation early
because the Texas Rules of Disciplinary Procedure restrict the trial court=s continuing
jurisdiction to act during probation.  Under
the rules, the court can take only one action: consider motions to revoke
probation.  We agree and, as we explain
below, we hold that the trial court lacked jurisdiction to modify its prior
order of suspension and terminate the period of probation early.[2]

The Supreme Court=s power to
regulate the practice of law in the State of Texas is derived from both statutory and
inherent powers.  State Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994).  In carrying out its responsibility, the Court
has established a comprehensive system of lawyer disciplinary and disability
proceedings governed by the Texas Rules of Disciplinary Procedure.  Board of Disciplinary Appeals v. McFall,
888 S.W.2d 471, 472 (Tex.
1994); see Tex. R. Disciplinary P.
1.01B15.13, reprinted
in Tex. Gov=t Code, tit. 2, subtit.
G app. A-1.  These rules have the same
force and effect as statutes.  See O=Quinn v. State Bar
of Texas, 763 S.W.2d 397, 398 (Tex. 1988); State Bar of Texas v. Wolfe, 801 S.W.2d 202, 203
(Tex. App.CHouston [1st Dist.] 1990, no writ); Cushnie
v. State Bar of Texas, 845 S.W.2d 358, 359 (Tex. App.CHouston [1st
Dist.] 1992, writ denied).








Disciplinary actions in the trial court
are governed by Part III of the Rules of Disciplinary Procedure.  See Tex.
R. Disciplinary P. 3.01B.16.  In these actions, the Texas Rules of Civil
Procedure apply except as altered by the Rules of Disciplinary Procedure.  See Tex.
R. Disciplinary P. 3.08B.  Looking
first to the Rules of Civil Procedure, Rule 329b provides that a trial court
has plenary power to vacate, modify, correct, or reform its judgment within
thirty days after the judgment is signed. 
See Tex. R. Civ. P. 329b(d).  After the trial court loses its jurisdiction
over a judgment, it can correct only clerical errors in the judgment by
judgment nunc pro tunc.  See Escobar
v. Escobar, 711 S.W.2d 230, 231 (Tex.1986); LaGoye v. Victoria Wood
Condominium Assoc., 112 S.W.3d 777, 783 (Tex. App.CHouston [14th
Dist.] 2003, no pet.); Tex. R. Civ. P.
306a(6), 316.  A trial court retains the
authority to enforce its judgments, but its enforcement orders may not be
inconsistent with the original judgment or constitute a material change in the
substantive adjudicated portions of the judgment.  See Katz v. Bianchi, 848 S.W.2d 372,
374 (Tex. App.CHouston [14th Dist.] 1993, no writ); Tex. R. Civ. P. 308.

Here, the trial court=s original order
of suspension was signed July 10, 2002. 
Thus, the deadline for DeNisco to request a modification of the judgment
was August 9, 2002.  However, he did not
file his motion to terminate his probation until February 7, 2003Cnearly six months
after the trial court=s plenary power expired.  DeNisco does not contend, nor could he, that
the trial court=s order terminating his probation early was
a clerical error or an order enforcing its prior judgment.[3]  Therefore, under the Rules of Civil
Procedure, the trial court lacked the authority to modify the terms of its
original judgment by terminating DeNisco=s probation early,
and DeNisco=s request for early termination was, in
effect, an improper collateral attack on a final judgment. 








Having found that the Rules of Civil
Procedure do not give the court authority to do what it did, we must determine
if the Rules of Disciplinary Procedure alter these procedural rules.  See Tex.
R. Disciplinary P. 3.08B.  In
considering this question, we are mindful that courts may only act in the
manner provided by the statute which created the right. See Bullock v. Amoco
Prod., 608 S.W.2d 899, 901 (Tex.
1980).  

Thus, we turn to Part III of the Rules of
Disciplinary ProcedureCwhich governs disciplinary actionsCto see if it
bestows any authority on the trial court to act beyond its plenary power.  One provision, Rule 3.13,  discusses the right of the trial court to act
beyond its plenary power.  That provision
is entitled AProbation SuspensionCRevocation
Procedure,@ and addresses the continuing jurisdiction
of the trial court over a probationary period:

If all or any part of a suspension
from the practice of law is probated under this Part III, the court retains
jurisdiction during the full term of suspension, including any probationary
period, to hear a motion to revoke probation. 
If the Chief Disciplinary Counsel files a motion to revoke probation, it
shall be set for hearing before the court without the aid of a jury within
thirty days of service of the motion upon the Respondent.  Service upon the Respondent shall be
sufficient if made in accordance with Rule 21a of the Texas Rules of Civil
Procedure.  Upon proof by a preponderance
of the evidence of a violation of probation, the same shall be revoked and the
attorney suspended from the practice of law for the full term of suspension
without credit for any probationary time served.








Tex. R. Disciplinary P. 3.13.  Under Rule of Disciplinary Procedure 3.13,
then, the trial court is granted
continuing jurisdiction to hear and rule on a motion to revoke a probationary
period.  This clothes the court with
authority to enforce its order of probation by revoking the probation and
ordering the suspension to commence. 
Notably, the rule mentions no other motion that the court may hear and
no other action that the court may take. 
Generally, the express mention or enumeration of one thing, consequence,
or class is equal to the express exclusion of all others.  See In re Clark, 977 S.W.2d 152, 156
(Tex. App.CHouston [14th Dist.] 1998) (orig.
proceeding).  With no mention of any
other motion or proceeding the court may hold, we are to presume that they are
expressly excluded.  See id.; see
also Stolhandske v. Stern, 14 S.W.3d 810, 813 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied) (applying legal maxim expressio unius est exclusio
alterius to hold statute=s inclusion of specific
limitation excludes all others); Steering Comms. v. Pub. Util. Comm=n, 42 S.W.3d 296,
302 (Tex.
App.CAustin 2001, no
pet.) (applying presumption that purposeful inclusion of certain terms in
statute implies purposeful exclusion of absent terms under principle of
statutory interpretation inclusio unius est exclusio alterius).  Thus, we are led to the unavoidable
conclusion that a court has no power to do anything other than what is so
carefully and specifically stated in the rule.

Not surprisingly, cases specific to
disciplinary actions support our conclusion. 
In Board of Disciplinary Appeals v. McFall, the Texas Supreme
Court issued writs of mandamus and prohibition to prevent a district court
enjoining the Board of Disciplinary Appeals from revoking an attorney=s probation and
suspending him from practice.  McFall,
888 S.W.2d at 472.  The Court
specifically held that the district court lacked jurisdiction because the Rules
of Disciplinary Procedure did not provide for the injunctive relief sought by
the lawyer.  Id. 

Similarly, in State Bar of Texas v.
Wolfe, 801 S.W.2d 202, 204 (Tex. App.CHouston [1st
Dist.] 1990, no writ), the court found that the trial court had no authority
under the disciplinary rules to probate the attorney=s reprimand to
what effectively was a private reprimand, because the sanction was not provided
for in the rules.  As the court reasoned,
AThe power of the
trial court to impose a punishment in bar discipline cases derives from the
rules, and these same rules limit the punishment to what is set out in the
rules.@  Id.  And in State Bar of Texas v. Wallace,
1994 WL 605912, at *2 (Tex. App.CDallas 1994, no
writ) (not designated for publication), the court declined to include an
equitable exception to the stated time periods governing reinstatement provided
for in the disciplinary rules.  The court
noted that, while the trial court has discretion in determining the punishment
to impose on an attorney, the rules applicable to reinstatement did not give
the trial court discretion to allow applications for reinstatement earlier than
the period provided for in the rules.  Id.  








DeNisco=s sole argument in
response is that, if the trial court has discretion to impose a disciplinary
sanction on a lawyer, then it has the discretion, later,  to modify or amend the sanction.   In support of his argument, DeNisco directs
us to Rule of Disciplinary Procedure 3.10, which contains the words, A[t]he trial court
may in its discretion . . . ,@ and cites two
cases, Bryan v. Resolution Trust Corporation, 823 S.W.2d 433, 434 (Tex.
App.CSan Antonio 1992,
writ dism=d w.o.j.), and Becknell v. D=Angelo, 506 S.W.2d 688,
692 (Tex. App.CFort Worth 1974, writ dism=d).  DeNisco=s authorities fail
him for several reasons.

First, Rule 3.10 governs evidentiary
hearings on sanctions, and provides that the trial court Amay, in its
discretion, conduct a separate evidentiary hearing on the appropriate Sanction
or Sanctions to be imposed.@  Tex. R.
Disciplinary P. 3.10.  The rule then lists the factors the court is
to consider in imposing a sanction. 
DeNisco does not explain how Rule 3.10=s express grant of discretion to hold a separate evidentiary
hearing on the sanction to be imposed applies when the trial court attempts to
modify a prior final judgment imposing sanctions.  And, while it may be true that the trial
court has discretion to determine the appropriate sanction to be imposed, the
Rules of Disciplinary Procedure do not grant
further discretion by expressly authorizing the trial courtCafter its plenary
power has expiredCto reduce or terminate early a probation
of a suspension previously ordered.  See
Wolfe, 801 S.W.2d at 204; Wallace, 1994 WL 605912 at *2.  Second, as discussed above, DeNisco=s reasoning
ignores the general limitations on the trial court=s plenary
power.  See Tex. R. Civ. P. 329b(d) (providing
trial court has plenary power to modify, correct or reform a judgment for
thirty days after judgment is signed). 
Third, the cases DeNisco cites involved the trial court=s modification of
an order prior to the expiration of its plenary power.  See Bryan, 823 S.W.2d at 434; Becknell,
506 S.W.2d at 692. 








Given the foregoing, we conclude that the
trial court had no jurisdiction to modify the July 10, 2002 judgment to
terminate DeNisco=s probation before the termination date
contained in his original judgment of probated suspension.  The trial court=s continuing
jurisdiction over DeNisco=s probation was limited to hearing a
motion to revoke probation; once its plenary power had expired, it had no
jurisdiction to hear DeNisco=s motion to
terminate his probation early.  See
Tex. R. Disciplinary P.
3.13.  We therefore vacate the trial
court=s judgment of
March 10, 2003, and dismiss the appeal.  See State
ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995). 
As the March 10, 2003 order was void, the order of July 10, 2002
imposing on DeNisco a three-month suspension, fully probated for one year, is
reinstated for DeNisco to serve the remaining period of his probation.

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment
rendered and Opinion filed April 15, 2004.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  Among other things,
during the period of probation, DeNisco was ordered to not engage in
professional misconduct; to not violate any state or federal criminal laws; to
respond to any request for information from any grievance committee of the
State Bar in accordance with the Disciplinary Rules; and, to pay the
restitution, costs, and expenses as ordered in the judgment.  DeNisco=s
attorney represented to the trial court that the restitution, costs and
expenses were paid, but no evidence was submitted to support the representation.





[2]  While it has
no effect on this case, we note that, effective January 1, 2004, the Supreme
Court of Texas adopted changes to the Texas Rules of Disciplinary
Procedure.  Among the changes, Rule 3.11
is revised to expressly provide as follows: 
AThe continuing jurisdiction of the trial court to
enforce a judgment does not give a trial court authority to terminate or reduce
a period of active or probated suspension previously ordered@ (emphasis added). 
See State Bar of Texas, http://www.texasbar.com
(March 25, 2004).





[3]  At oral
argument, DeNisco raised for the first time the argument that the order was not
a final order because it did not dispose of all issues and parties before the
court.  See North East
 Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966) (stating that
Aan appeal may be prosecuted only from a final judgment
and . . . to be final a judgment must dispose of all issues and parties in a
case@).  However,
DeNisco  was unable to identify any
authority to support his contention that the order of suspension here was not a
final order.