Cause
No. 14-05-01174-CV, Dismissed as Moot;  Cause No. 14-06-00202-CV, Petition for
Writ of Mandamus Conditionally Granted;  Opinion filed October 26, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01174-CV

____________

 

CUSTOM CORPORATES, INC. AND THERESA WOODS, Appellants

 

V.

 

SECURITY STORAGE, INC., Appellee

 



 

On
Appeal from the 152nd District Court

Harris
County, Texas

Trial
Court Cause No. 00-25160

 



 

 

NO. 14-06-00202-CV

____________

 

IN RE GALE KIKER AND DEBBIE RICHARDSON, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 








O P I N I
O N

In this
case we consider whether a trial court may, after judgment has been rendered
and the court=s plenary power has lapsed, assess the expenses and attorneys= fees of a non-party as Acosts@ against parties to the lawsuit.  We
hold that it cannot.  Because the trial court=s assessment of costs was
inconsistent with the original judgment and imposed obligations not
contemplated by the original judgment, the trial court had no jurisdiction to
issue the order.  Accordingly, we conditionally grant the writ of mandamus.

This
question reaches us via two routes in a consolidated appeal: (1) a petition for
a writ of mandamus filed by relators Gale Kiker and Debbie Richardson; and (2)
an appeal filed by appellants Custom Corporates, Inc. and Theresa Woods.  Both
relators and appellants ask us to vacate the trial court=s July 26, 2005 Order, which imposed
the expenses and attorney=s fees of Security Storage, Inc. (ASecurity@) on them and on Apartment
Connection, Inc., the judgment debtor.  Because we grant the writ of mandamus
and hold that the July 26, 2005 Order is void, we dismiss the appeal as moot.[1] 
See Luster v. Union Pacific R.R. Co., No. 01‑02‑00104‑CV,
2003 WL 203521, at *1 (Tex. App.CHouston [1st Dist.] Jan. 30, 2003)
(dismissing appeal as moot where related mandamus proceeding had declared
judgment upon which appeal was based as void).

                                                                 I. 
Background

This
proceeding arises out of a trial for which judgment was rendered on May 3,
2001.  At that time, the trial court entered judgment against Apartment
Connection in favor of relators and others.  Among other things, the judgment
required Apartment Connection to pay actual damages and interest to relators
and also to pay relators= costs and some attorney=s fees.  No party appealed the
judgment or filed any motions that would extend the appellate deadlines.  The
trial court=s plenary power therefore lapsed on June 2, 2001, thirty days after the
judgment had been signed.  Tex. R. Civ.
P. 329b(d).

Over
three years later, on June 24, 2004, non-party Security Storage, Inc. (ASecurity@) filed a AMotion to Assess Costs@ in the trial court.  Security
alleged that, with relators= express permission, the constable had retained Security to
assist with execution of the judgment and that Security had Aboxed, moved and stored@ Apartment Connection=s belongings.  Security also stated
that it had later reached an agreement with Apartment Connection to return
Apartment Connection=s property for $1,000 in cash, with the remainder of Security=s fees to be paid on a deferred basis
by Apartment Connection.  Apartment Connection thereafter filed for
bankruptcy.  Presumably because the rest of Security=s expenses remained unpaid, Security
requested that the trial court classify these expenses as Acosts@ and assess them Aagainst all other parties jointly and
severally.@  In all, Security sought moving and storage fees of $16,440.00 and
attorney=s fees of $3,500.








The
trial court agreed that Security was entitled to recover these sums, and on
August 3, 2004, entered an order awarding Security costs and attorney=s fees.  On rehearing, on December
18, 2004, the trial court reversed itself, entering an order providing that Athe previous Order dated August 3,
2004 is VOID.@  After Security re-urged its motion, the trial court reversed itself for
the second time.  On July 26, 2005, the court entered a second AOrder Assessing Costs,@ which found that Athe fees and charges incurred by
Security Storage, Inc. are court costs@ and awarded Security Acosts [which] are assessed as
$16,440.00, plus attorney=s fees of $3,500.00.@

The
trial court=s July 26, 2005 Order is the subject of this proceeding.  Relators
challenge the Order as void because it was issued well outside of the trial
court=s plenary power.  Security maintains
that the trial court has the power to award expenses arising from execution
commensurate with its power to enforce a judgment, permitting a court to
provide for the recovery of such expenses at any time during the ten year
period until a judgment has become dormant under Texas Civil Practice &
Remedies Code ' 34.001.[2] 

                                                                   II. 
Analysis

Mandamus
is intended to be an extraordinary remedy, available only in limited
circumstances.  See Holloway v. Fifth Court of Appeals, 767 S.w.2d 680,
684 (Tex. 1989).  We typically grant mandamus relief only where a trial court
has clearly abused its discretion and a party has no adequate remedy by
appeal.  Walker v. Packer, 827 S.W.2d 833, 839B40 (Tex.1992).  Cases involving void
orders present a circumstance warranting mandamus relief.  See In re
Dickason, 987 S.W.2d 570, 571 (Tex. 1998).  The issuance of a void order is
an abuse of discretion.  See In re Southwestern Bell Tele. Co., 35
S.W.2d 602, 605 (Tex. 2000).  When the order is adjudged void, it is not
necessary for a relator to additionally show that it lacks an adequate
appellate remedy.  Id.

This
case requires us to determine whether the trial court=s July 26, 2005 Order is void, or
whether it was a legitimate exercise of the trial court=s power to enforce its judgment.  A
court order is void if it is apparent that the court Ahad no jurisdiction of the parties or
property, no jurisdiction of the subject matter, no jurisdiction to enter the
particular 








judgment, or no capacity
to act.@  Browning v. Prostok, 165
S.W.3d 336, 346 (Tex. 2005) (citing Browning v. Placke, 698 S.W.2d 362,
363 (Tex.1985) (orig. proceeding) (per curiam)).  A[A] trial court cannot act when it
has no jurisdiction, and a reviewing court cannot find jurisdiction where none
exists.@  In re Bokeloh, 21 S.W.3d
784, 793 (Tex. App.CHouston [14th Dist.] 2000, orig. proceeding).  Orders issued
outside of a trial court=s plenary power are typically void, because a court no longer
has jurisdiction to act once its plenary power has expired.  Southwestern
Bell, 35 S.W.2d at 605.  

The
Texas Rules of Civil Procedure limit a trial court=s jurisdiction after it has entered a
final judgment.  Rule 329b generally provides that a trial court retains
jurisdiction over a case for a minimum of thirty days, during which time the
trial court has plenary power to change its judgment.  See Lane Bank Equip.
Co. v. Smith Southern Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000). 
Certain post-judgment motions, if filed within this initial thirty day period,
extend the trial court=s plenary jurisdiction over its judgment for up to an
additional seventy-five days.  See id.; see also Tex. R. Civ. P. 329b(c),(e) & (g). 
After the time set forth in the rules, however, a court=s plenary power expires and the
actions that it may take with respect to its judgment are limited.  See Tex. R. Civ. P. 329b(f).  

Once its
plenary power has expired, the trial court may engage only in certain specified
activities with respect to its judgment.  For example, the trial court may correct
clerical mistakes in the judgment.  See Tex. R. Civ. P. 316; see also Comm. for Lawyer Discipline
v. Denisco, 132 S.W.3d 211, 214B15 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (AAfter the trial court loses
jurisdiction over a judgment, it can correct only clerical errors in the
judgment by judgment nunc pro tunc.@).  The trial court may also supervise
post-judgment discovery that is conducted to aid in the enforcement of the
judgment.  Tex. R. Civ. P. 621a. 
In addition, the trial court has both a statutory and an inherent power to
enforce its judgment.  Tex. R. Civ. P.
308 (AThe court shall cause its judgments
and decrees to be carried into execution.@). See also Arndt v. Farris,
633 S.W.2d 497, 499 (Tex. 1982) 








(AThe general rule is that every court
having jurisdiction to render a judgment has the inherent power to enforce its
judgments.@).

The
trial court may not, however, issue an order that is inconsistent with the
original judgment or that otherwise constitutes Aa material change in the substantive
adjudicative portions of the judgment@ after its plenary power has expired. 
See Denisco, 132 S.W.3d 211, 215 (Tex. App.CHouston [14th Dist.] 2004, no pet.); Bank
One, N.A. v. Wohlfahrt, 193 S.W.3d 190, 194B95 (Tex. App.CHouston [1st Dist.] 2006, no pet. h.)
(Aenforcement orders may not be
inconsistent with the original judgment and may not constitute a material
change in substantial adjudicated portions of the judgment@).  In addition, post-judgment orders
may not require performance of obligations in addition to Athe obligations imposed by the final
judgment.@  Wohlfahrt, 193 S.W.3d at 195 (trial court may not impose
attorneys= fees to which the parties agreed in a post-judgment settlement
agreement).  This is particularly true when such orders purport to adjudicate
the rights of non-parties.  See Sharpe v. Roman Catholic Diocese of Dallas, No.
05-99-01614-CV, 2001 WL 15974, at *3 (Tex. App.CDallas Jan. 9, 2001, orig.
proceeding) (A>inherent= judicial powers do not include the
authority to make substantive rulings on controversies between parties in the
absence of pleadings invoking the court=s jurisdiction@) (not designated for publication).  See
also In re Mercy Hosp. of Laredo, Inc., No. 04-01-00144-CV, 2001 WL 455544,
at *2 (Tex. App.CSan Antonio May 2, 2001, orig. proceeding) (overturning order
awarding a nonparty the expenses and attorneys fees it incurred in discovery as
outside of court=s plenary power) (not designated for publication). 

In this
case, the trial court=s plenary power had unquestionably expired by the time its
July 26, 2005 Order issued.  The trial court initially rendered judgment over
four years earlier, on May 3, 2001.  Because no post-judgment motions were
filed, the court=s plenary power had lapsed by June 2, 2001.  The trial court=s jurisdiction to act was therefore
limited as defined by the rules.  Although the trial court had the inherent
power to enforce its earlier 








judgment, it had no power
to issue an order inconsistent with that judgment or to impose obligations in
addition to those reflected in the 2001 judgment.  See Wohlfahrt, 193
S.W.3d at 194B95; see also Lane Bank, 10 S.W.3d at 312 (Aa motion made after judgment to
incorporate a sanction [of attorneys= fees] as a part of the final
judgment does propose a change to that judgment@).

The
order that the trial court issued in this case exceeded any powers it may have
possessed after the expiration of its plenary jurisdiction.  By its order, the
court (1) summarily determined that a non-party=s attorney= fees of $3,500.00 were Areasonable and necessary@; (2) awarded those attorneys= fees to the non-party, which had
neither filed pleadings nor asserted a claim in the lawsuit; (3) summarily
determined that  $16,440.00 in storage fees allegedly incurred by the non-party
could be taxed as post-judgment Acourt costs;@ (4) awarded recovery for those
costs to the non-party; and (5) rendered relators and appellantsCthe parties who prevailed at trial
and were entitled to recover their costs of suit and some attorney= fees from the judgment debtorCliable for these new costs and
attorney= fees.

There
are several problems with the trial court=s order.  To begin with, the order
imposes obligations on the parties that are inconsistent with and in addition
to the obligations set forth in the original judgment.  See Wohlfahrt,
193 S.W.3d at 195 (court had no power to order party to pay additional attorney= fees that were not reflected in
original judgment, even if the parties agreed to those fees in a post-judgment
settlement agreement).  The order both purports to recalculate the costs and to
reallocate costs as between the parties to the judgment.  The trial court
clearly could have issued an order that was consistent with its earlier
judgment.  See, e.g., Pope v. Gaffney, No. 04-05-00413-CV, 2006 WL
1684661, at *2 (Tex. App.CSan Antonio Jun. 21, 2006, no pet. h.) (mem. op.)(affirming
trial court=s power to find that judgment debtor=s deposit of into the registry of the
court satisfied judgment).  It could not, however, create or impose liability
in a manner in which the original judgment had not.  See Wohlfahrt, 193
SW.3d at 194B95.








The
order is also problematic insofar as it purports to determine a dispute between
a litigant and a non-party, in the absence of pleadings or even any alleged
legal basis for relief.  Neither a court=s inherent authority to enforce a
judgment nor the Texas Rules of Civil Procedure authorize such an action.  See
Sharpe, 2001 WL 15974, at *3.  In fact, aside from general references to a
court=s powers to enforce its judgment,
real parties have not articulated any legal basis for the court=s action, and our own research has
revealed none.  Contrary to real party=s claim, Rule 621a, which governs
post-judgment discovery, Acannot be used to independently join additional claims or
parties.@  Id.  In addition, the Texas
Rules of Civil Procedure generally permitting courts to award costs do not
permit a court to allocate or adjudicate costs outside of its plenary power.  See
Operation Rescue-Nat=l v. Planned Parenthood, 937 S.W.2d 60, 87 (Tex. App.CHouston [14th Dist.] 1996), modified
on other grounds, 975 S.W.2d 546 (Tex. 1998).  In short, in addition to
problems arising from a material variance from the judgment, we are aware of no
legal basis for the court to have made its summary determinations in favor of a
non-party to the judgment in question.

We find that the trial court=s July 26, 2005 Order is void.  Accordingly, without
hearing oral argument, we conditionally grant the writ of mandamus and order
the trial court to vacate the July 26, 2005 Order.[3]

 

 

 

/s/        Adele Hedges

Chief Justice

 

Judgment
in the Appeal Rendered and Writ Conditionally Granted, and Opinion filed
October 26, 2006.

 

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.









[1]Because the order is void, it cannot be enforced
against appellants Custom Corporates, Inc. and Theresa Woods.   See In re
Bokeloh, 21 S.W.3d 784, 792B93 (Tex. App.CHouston [14th Dist.] 2000, orig. proceeding) (AA void order is entirely null within itself; it is not
susceptible to ratification or confirmation, and its nullity cannot be waived.@).  A party affected by void judicial action need not
appeal, though if it does, we have the power to declare that the order is
void.  See State ex rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995)
(If an appeal is taken from a void order, the appellate court may declare void
any orders the trial court signed after it lost plenary power over the case.); Fulton
v. Finch, 346 S.W.2d 823, 827 (Tex. 1961) (noting that A[w]hile it is wholly unnecessary to appeal from a void
judgment, it is nevertheless settled that an appeal may be taken and the
appellate court in such a proceeding may declare the judgment void@).  





[2]Section 34.001(a) provides A[i]f a writ of execution is not issued within 10 years
after the rendition of a judgment of a court of record or a justice court, the
judgment is dormant and execution may not be issued on the judgment unless it
is revived.@





[3]The writ will issue only if the trial court fails to
act in accordance with this opinion.