Petition for Writ of
Mandamus Denied and Memorandum Opinion filed December 30, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01234-CV

____________

 

IN RE CATHY L. SCARVER, AS TRUSTEE OF THE BANKRUPTCY
ESTATE OF MORTGAGE FUNDING NETWORK, INC., Relator

 

 



ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

506th District Court

Waller County, Texas

Trial Court Cause No. 2001-04-5213

 

 



M E M O R A N D U M   O P I N I O N

 

            On December 16, 2010, relator, Cathy L. Scarver, as Trustee
of the Bankruptcy Estate of Mortgage Funding Network, Inc., filed a petition
for writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  Relator asks this court to direct the respondent,
the Honorable Albert McCaig, presiding judge of the 506th District Court of Waller
County, to grant the relief sought in a Motion to Show Cause Regarding Failure
to comply with Consent Order to Release excess funds in trial court cause
number 2001-04-5213, styled Royal Independent School District v. Janice A. Phillips,
et al filed in the 506th District Court of Waller County, Texas.[1]
 

The underlying case began as a delinquent tax suit filed by
Royal ISD against Janice Phillips, the landowner of real property located in
Waller County, and Mortgage Funding Network, Inc. (“MFNI”), a lienholder.  MFNI
was a debtor in a Chapter 7 bankruptcy proceeding.  John W. Ragsdale served as
trustee to MFNI's bankruptcy estate, and now Cathy L. Scarver is the new
trustee.  Brookshire Katy Drainage District later intervened in the suit.  

The property was sold in a tax sale on June 3, 2003,
resulting in excess proceeds in the amount of $23,474.24.  The excess proceeds
were deposited with the district clerk's office, and Waller County sent a
notice of excess proceeds to both MFNI and Phillips.  On June 2, 2005,
Ragsdale, on behalf of MFNI, filed a motion to withdraw the excess proceeds
pursuant to section 34.04 of the Tax Code.  Section 34.04 provides in part that
“a person . . . may file a petition in the court that ordered the . . . sale
setting forth a claim to . . . excess proceeds.  The petition must be filed
before the second anniversary of the date of the sale of the property.”  Tex.
Tax Code § 34.04(a).  Ragsdale filed his motion claiming a right to the excess
proceeds one day before the two-year deadline.  He failed to set the motion for
a hearing or obtain a ruling on the motion.  Four months later, on October 13, 2005,
the district clerk disbursed the excess funds to Royal ISD in the amount of
$21,831.04 and to the Drainage District in the amount of $1,643.20.  The
district clerk's disbursement was pursuant to section 34.03 of the Tax Code,
which provides that the clerk of the court shall distribute the excess proceeds
from a tax sale to each taxing unit who participated in the sale “if no
claimant establishes entitlement to the proceeds” within two years after
the date of the tax sale, unless otherwise ordered by the court.  Id. §
34.03 (emphasis added). 

On February 1, 2006, Ragsdale filed a second motion to
withdraw the funds.  On February 17, 2006, the trial court signed an order
titled “Consent Order to Release Excess Funds” (“Consent Order”).  The Consent
Order, signed by the trustee and his attorney, stated that the parties agreed
that MFNI had a valid interest in the excess proceeds and authorized the “Clerk
of Waller County” to immediately release “the funds being currently held
in the registry of the Court” to Ragsdale.  (emphasis added).  Because the
district clerk had previously released the funds to Royal ISD and the Drainage
District, Ragsdale has been unable to recover the excess proceeds from the
district clerk. 

Royal ISD challenged the trial court’s jurisdiction to enter
the Consent Order and other orders relating to the funds, but its motion to
dismiss was denied.  Royal ISD attempted to appeal the denial, along with the
Consent Order and other orders relating to the funds.  This court dismissed the
appeal for want of jurisdiction.  See Royal I.S.D. v. Ragsdale, 273
S.W.3d 759 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  

In 2010, relator filed a Motion to Show Cause, which sought disbursement
of the claimed funds, a judgment against the district clerk for the amount of
the wrongfully disbursed funds, plus interest and attorney’s fees.  Relator
also sought to have the clerk held in contempt, fined, and jailed until she
complies with the Consent Order to pay the claimed funds.   On October 5, 2010, the trial court
denied relator’s motion, and relator filed this original proceeding asking that
we command the respondent to grant the relief sought in the motion.  

            Mandamus relief is available only to correct a clear abuse of
discretion for which the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).  The
adequacy of an appellate remedy should be determined by a “practical and
prudential” balancing of the benefits and detriments of mandamus review.  In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136-37 (Tex. 2004). 

            Courts have the inherent power to enforce their judgments.  Arndt
v. Farris, 633 S.W.2d 497, 499 (Tex. 1982).  The trial court’s enforcement
order may not, however, be inconsistent with the original judgment or
constitute a material change in the substantive adjudicative portions of the
judgment.  Commission for Lawyer Discipline v. Denisco, 132 S.W.3d 211,
215 (Tex. App.—Houston [14th Dist.] 2004, no pet.). .  

When the Consent Order was signed, there were no funds currently
held in the registry of the court, having been released four months
earlier.  Relator is seeking to change the terms of that order to require the
clerk to get the money back from the taxing entities.  Relator also seeks
attorney’s fees that were not provided for in the Consent Order.  Relator has not established that the
trial court abused its discretion in denying the motion to show cause.  Accordingly,
we deny the petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Jamison.









[1] 
The Consent Order was issued by the 9th District
Court.  The 506th District Court was created in 2007, and all Waller County
cases pending in the 9th District Court were transferred to the 506th District
Court.  See Act eff. Sept. 1, 2007, 80th Leg., ch. 1342, § 9.