In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-170 CV


____________________



GERSON MORALES, Appellant



V.



MONICA BEATRIZ MALDONADO, Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-174,191






 MEMORANDUM OPINION 


 This is a pro se appeal of a negligence case involving an automobile-pedestrian
accident. The jury found that Gerson Morales, the plaintiff at trial and the pedestrian, was
negligent and that Monica Beatriz Maldonado, the defendant at trial and the driver, was not
negligent. The trial court entered a take-nothing verdict in Maldonado's favor. Morales
appeals. We affirm.

 Maldonado's car hit Morales as he walked across a street. A police officer
investigated the accident. The officer's report indicated that Maldonado had the right-of-way
and that Morales failed to yield to the driver. Morales was unable to find an attorney to
represent him at trial; so he represented himself. Morales testified that several attorneys told
him they could not represent him because the accident report showed he was at fault. 
Morales also testified that he thought pedestrians should always have the right-of-way, as
was the case in the state of New York, where he lived before moving to Texas. Further,
Morales repeatedly stated his opinions that Maldonado was negligent and that the accident
report was wrong because the investigating officer neither saw the accident nor tried to
obtain Morales's version of it. 

 In prosecuting his appeal, Morales brought forward only a portion of the reporter's
record--his testimony and certain exhibits. The exhibits are (1) photos of bruises to
Morales's hip, (2) photos of the intersection where the accident occurred, (3) a videotape of
the intersection from various views, (4) a sketch of the intersection, and (5) two copies of the
accident report. In one copy of the accident report, the officer's sketch of the scene shows
two lanes of traffic in each direction for the street that Morales attempted to cross. In an
"amended" copy, the sketch shows that the street Morales attempted to cross had three lanes
of traffic in each direction. Both copies of the accident report state the driver had the right-of-way and that Morales failed to yield to the driver. 

 The clerk's record also contains certain documents relevant to this appeal: Morales's
original petition, Maldonado's answer, the jury charge, the verdict, the judgment, and a
notice of appeal, which was filed in the clerk's office on April 28, 2006, and with this Court
on May 1, 2006. However, the clerk's record does not contain an affidavit of indigency or
a motion for new trial. See Tex. R. App. P. 20.1 (c)(1) (providing that affidavit of indigency
must be filed with or before the notice of appeal); Tex. R. App. P. 33.1(b) (providing
generally that a motion for new trial preserves for appellate review any complaint properly
made in the motion). 

 We interpret Morales's brief as asserting three instances of trial court error and will
consider them to be three appellate issues. First, he complains that the trial court did not
allow him to introduce business records affidavits that allegedly showed the treatment he
received for his injuries and the expenses he incurred. Second, Morales contends the trial
court should have provided an interpreter for Morales's wife so that she could testify about
seeing the accident. Third, Morales argues the trial court erred in allowing the defense to
introduce into evidence the deposition testimony of Officer Arnett because Morales allegedly
did not receive proper notice of Arnett's deposition and was unable to attend.

 Nothing in the record before us, however, shows that the trial court took any of the
actions about which Morales complains. (1) In reviewing the trial court's actions, we may not
consider matters that are outside the record. See Cushnie v. State Bar of Tex., 845 S.W.2d
358, 361 (Tex. App.-Houston [1st Dist.] 1992, writ denied); see also Sabine Offshore Serv.,
Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (finding that
appellate court cannot consider matters outside record for any purpose other than determining
its own jurisdiction); Burke v. Ins. Auto Auctions Corp., 169 S.W.3d 771, 775 (Tex.
App.-Dallas 2005, pet. denied) (finding that reviewing court may not consider documents
not included in the appellate record). The record consists of the clerk's record, and when
appropriate, a reporter's record. Tex. R. App. P. 34.1. 

 Further, even if we assume the trial court acted as Morales contends, the record before
us does not show that Morales preserved his complaints for appellate review. See Tex. R.
App. P. 33.1(a) (A party must have presented to the trial court a timely motion, request, or
objection stating the specific grounds for the ruling that it desired the court to make, and
must have obtained a ruling on its motion.); In re B.L.D., 113 S.W.3d 340, 350 (Tex. 2003).

 In summary, the record on appeal does not demonstrate that the trial court erred as
alleged, and does not show that Morales preserved the errors about which he now complains. 
For the above-stated reasons, we overrule all of Morales's issues and affirm the trial court's
judgment and the jury's verdict.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on May 3, 2007

Opinion Delivered July 12, 2007

Before McKeithen, C.J., Kreger and Horton, JJ.
1. A pro se litigant is held to the same standards as licensed attorneys and must comply
with applicable laws and rules of procedure. See Mansfield State Bank v. Cohn, 573 S.W.2d
181, 184-85 (Tex. 1978); Strange v. Cont'l Cas. Co., 126 S.W.3d 676, 677 (Tex. App.-
Dallas 2004, pet. denied).