COMMISSION FOR LAWYER DISCIPLINE, Appellant

v.

Mark H. HANNA, Appellee

Commission for Lawyer Discipline, Appellant

v.

John F. Healey, Jr., Appellee

NO. 14–15–00929–CV, NO. 14–15–00931–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed November 29, 2016

Cynthia Canfield Hamilton, Austin, TX, for Appellant.

Jennifer A. Hasley, Houston, TX, for Appellee.

Panel consists of Justices Boyce, Christopher, and Jamison.

## OPINION

William J. Boyce, Justice

The Commission for Lawyer Discipline appeals the trial court's Rule 91a dismissals of disciplinary actions against Fort Bend County District Attorney John F. Healey, Jr. and Fort Bend County Assistant District Attorney Mark H. Hanna. Because these two appeals involve the same issues and arguments, we have consolidated them on our own motion. *See Holmes v. Beatty*, 290 S.W.3d 852, 854 (Tex. 2009).

The question presented is whether Texas Disciplinary Rule of Professional Conduct 3.09(d)—which requires prosecutors to "make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense"—imposes a post-conviction duty of disclosure. *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.09(d), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 2013) (Tex. State Bar R. art. X, § 9). Con-

cluding that the rule did not impose such a duty at the time of the conduct at issue, we affirm the trial court's judgments.

## BACKGROUND

Jacob Estrada was charged with possession of a controlled substance in 2006. Jonathan Salvador, a forensic chemist employed by the Texas Department of Public Safety ("DPS"), tested samples of the alleged controlled substance. Salvador prepared a lab report that Estrada and the State relied upon during plea bargain negotiations. Estrada pleaded guilty in 2007 and was sentenced to eight years in prison.

The DPS informed prosecutors across Texas in April 2012—including Healey and Hanna—that Salvador may have falsified some of his lab results. The DPS stated that it sought to review every case in which Salvador had performed testing.

Hanna emailed to the DPS a list of Fort Bend County cases that involved evidence requiring retesting—including Estrada's— in June 2012. The DPS confirmed receipt of the list in late July; however, the only remaining evidence sample in Estrada's case already had been destroyed pursuant to routine procedure in early July.

The Fort Bend County District Attorney's Office notified Estrada of Salvador's alleged misconduct on March 14, 2013. The notification was sent shortly after the Court of Criminal Appeals issued a series of opinions in which it granted habeas relief in cases involving evidence tested by Salvador.[1]

Estrada filed a petition for writ of habeas corpus in October 2013. The Court of Criminal Appeals set aside the judgment of conviction in June 2014.[2]

Estrada filed grievances against Healey and Hanna based on the time that elapsed between the DPS notice of Salvador's alleged misconduct and the notification to Estrada in March 2013. As a result of the grievances, the Commission initiated disciplinary actions against Healey and Hanna in district court in June 2015 alleging that they violated Rule 3.09(d).[3]

Healey and Hanna filed motions to dismiss on grounds that Rule 3.09(d) does not apply after conviction. The trial court granted the motions to dismiss on October 9, 2015, finding that Rule 3.09(d) "does not

1. See *Ex parte Hobbs*, 393 S.W.3d 780, 781 (Tex. Crim. App. 2013) ("A Department of Public Safety report shows that the lab technician who was solely responsible for testing the evidence in this case is the scientist found to have committed misconduct. While there is evidence remaining that is available to retest in this case, that evidence was in the custody of the lab technician in question. This Court believes his actions are not reliable; therefore custody was compromised, resulting in a due process violation. Applicant is therefore entitled to relief."); *see also, e.g., Ex parte Sereal*, No. AP–76972, 2013 WL 9797311, at *1 (Tex. Crim. App. Mar. 6, 2013) (not designated for publication); *Ex parte Smith*, No. AP–76988, 2013 WL 831359, at *1 (Tex. Crim. App. Mar. 6, 2013) (not designated for publication); *Ex parte Hinson*, No. AP–76983, 2013 WL 831183, at *1 (Tex. Crim. App. Mar. 6, 2013) (not designated for publication).

The Court of Criminal Appeals later rejected the *per se* presumption of falsity of the evidence, and instead implemented a two-step test requiring the applicant to show that (1) the evidence in the applicant's case was false (or that the applicant could demonstrate that an inference of falsity should apply); and (2) the false evidence was material to the applicant's conviction or punishment. *See Ex parte Coty*, 418 S.W.3d 597, 604–05 (Tex. Crim. App. 2014).

2. See *Ex parte Estrada*, No. WR–80,763–01, 2014 WL 2609669, at *1 (Tex. Crim. App. June 11, 2014) (not designated for publication).

3. The Commission also alleged a violation of Rule 8.04 but later removed that claim.

impose any post-conviction duty on the prosecutor in a criminal case[.]" The Commission appealed.

### STANDARD OF REVIEW

Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.*

■ We review *de novo* whether a cause of action has any basis in law or in fact. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied). We base our review on the allegations in the live petition and any properly attached pleading exhibits. *Id.*; *see also* Tex. R. Civ. P. 91a.6.

### ANALYSIS

The Commission contends that Healey and Hanna violated Rule 3.09(d) by failing to timely notify Estrada that Salvador's test results had been called into question. The Commission further contends that the trial court erred by dismissing its suits against Healey and Hanna because Rule 3.09(d)'s text does not expressly limit its reach to pre-conviction proceedings. Absent limiting language, the Commission contends that the rule applies after conviction. The Commission argues that the trial court's contrary interpretation of Rule 3.09(d) contravenes the rule's purpose and offends the public's expectations of prosecutorial conduct.

### I. Rules of Construction

The Texas Disciplinary Rules of Professional Conduct establish minimum standards of conduct required of lawyers to avoid disciplinary action. *See* Tex. Disciplinary Rules Prof'l Conduct preamble ¶ 7 (the rules identify "minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action"); *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 421 (Tex. 1996). The disciplinary rules "are imperatives, cast in the terms 'shall' or 'shall not.'" Tex. Disciplinary Rules Prof'l Conduct preamble ¶ 10. The rules do not exhaust the moral and ethical considerations that should guide a lawyer. *Id.* at ¶ 11.

■ Promulgated rules have the same force and effect as statutes. *Love v. State Bar of Tex.*, 982 S.W.2d 939, 942 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The Texas Disciplinary Rules of Professional Conduct therefore are interpreted in accordance with the rules of statutory construction. *See O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988) ("[O]ur disciplinary rules should be treated like statutes."); *Rodgers v. Comm'n for Lawyer Discipline*, 151 S.W.3d 602, 614 (Tex. App.–Fort Worth 2004, pet. denied) (applying statutory construction rules to analysis of Texas Disciplinary Rules of Professional Conduct). We review statutory construction *de novo* as a question of law. *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008); *In re Hecht*, 213 S.W.3d 547, 564 (Tex. Spec. Ct. Rev. 2006).

Our primary goal in construing Rule 3.09(d) is to determine and give effect to the drafters' intent; when possible, we discern that intent from the plain meaning of the words used. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Rodgers*, 151 S.W.3d at 614. The drafters' intent must be determined from the entire rule, not from isolated portions. *See Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998); *Rodgers*, 151 S.W.3d at 614; *see also R.R.*

*Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 628 (Tex. 2011) ("We generally avoid construing individual provisions of a statute in isolation from the statute as a whole.").

 We interpret the rule by reading the words and phrases in context and construing them according to the rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 311.011(a) (Vernon 2013); *In re Hecht*, 213 S.W.3d at 565. Words are given their ordinary meaning; to determine that ordinary meaning, we look to "a wide variety of sources" including dictionary definitions, treatises and commentaries, the Texas Supreme Court's prior constructions of the word in other contexts, and the use and definitions of the word in other statutes and ordinances. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014); *see also In re Hecht*, 213 S.W.3d at 565 ("Legal or other well-accepted dictionaries are a method of determining the ordinary meaning of certain words."). Each word, phrase, or expression must be read as if it were deliberately chosen; likewise, we presume that words excluded from a provision were intentionally excluded. *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 472 (Tex. 2011) (orig. proceeding); *Young v. McKim*, 373 S.W.3d 776, 781 (Tex. App.–Houston [14th Dist.] 2012, pet. denied).

In this particular context, our analysis also is informed by the commands contained in the preamble to the Texas Disciplinary Rules of Professional Conduct. We are instructed that the disciplinary rules are "rules of reason" and "presuppose a larger legal context shaping the lawyer's role," including "court rules and statutes relating to matters of licensure, laws defining specific obligations of lawyers and substantive and procedural law in general." Tex. Disciplinary Rules Prof'l Conduct preamble ¶¶ 10, 11; *see also In re Hecht*,

213 S.W.3d at 564 (considering similar language contained in the Code of Judicial Conduct, the Special Court of Review "recognize[d] the wisdom and value of the cautionary mandate" that the Code's "Sections are *rules of reason*, which should be applied consistent with constitutional requirements, statutes, other court rules and decisional law and in the context of all relevant circumstances") (emphasis in original).

## II. Construction of Rule 3.09(d)

We begin by looking to the rule's plain language. *See Shumake*, 199 S.W.3d at 284. Rule 3.09(d), which was enacted in 1989, requires prosecutors to

> make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal[.]

Tex. Disciplinary Rules Prof'l Conduct R. 3.09(d).

The rule requires prosecutors to disclose to the defense (1) all evidence tending to negate guilt or mitigate the offense; and (2) all unprivileged mitigating information in connection with sentencing. *See id.* Because the rule's second half is limited to the sentencing phase, it cannot apply to information learned by prosecutors after the defendant has been convicted and sentenced. If the rule imposes a post-conviction duty of disclosure on prosecutors, then such a duty must find its basis in the rule's first half. *See id.*

Nothing in the rule's plain language explicitly states whether the rule's require-

ment to timely disclose exculpatory evidence encompasses events after conviction. Nor do the comments to the rule specifically address the intended reach of Rule 3.09(d). *See generally* Tex. Disciplinary Rules Prof'l Conduct R. 3.09 cmts. 1, 5.

The drafters' use of the term "accused" arguably indicates that the rule was intended to impose only a pre-conviction duty of disclosure. "Accused" is not defined in the disciplinary rules. Black's Law Dictionary defines "accused" as "[s]omeone who has been blamed for wrongdoing; esp., a person who has been arrested and brought before a magistrate or who has been formally charged with a crime (as by indictment or information)" or a "person against whom legal proceedings have been initiated." *Accused*, BLACK'S LAW DICTIONARY (10th ed. 2014). Similarly, the New Oxford American Dictionary defines "accused" as "a person or group of people who are charged with or on trial for a crime." *Accused*, NEW OXFORD AMERICAN DICTIONARY (3rd ed. 2010).

The term "accused" therefore is commonly understood to refer to someone who has been blamed with wrongdoing or one who has been charged with a crime—not someone who already has been convicted of a crime. With that understanding, and considering that Rule 3.09(d) requires prosecutors to make timely disclosure of any evidence tending to "negate the guilt of the accused," there is a colorable argument that the rule's express terms do not require disclosure of information tending to negate the guilt of a convicted defendant. This point is reinforced by the obligation to view the drafters' choice of the term "as if it were deliberately chosen." *See Young*, 373 S.W.3d at 781.

Notwithstanding the foregoing discussion, we hesitate to hold that the term "accused" standing alone is conclusive. "Accused" occasionally has been used to

refer to a defendant post-conviction. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon 2006) ("A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial."); *Almanza v. State*, 686 S.W.2d 157, 171–74 (Tex. Crim. App. 1984) (referring to the convicted defendant as "the accused").

We also look for guidance beyond isolated portions and attempt to discern the drafters' intent from the entire rule. *See Jones*, 969 S.W.2d at 432; *Rodgers*, 151 S.W.3d at 614. Looking to the remainder of Rule 3.09, we note that every other section is limited to pre-conviction conduct. *See generally* Tex. Disciplinary Rules Prof'l Conduct R. 3.09.

Section (a) requires prosecutors to refrain from prosecuting or threatening to prosecute a charge the prosecutor knows is not supported by probable cause. Tex. Disciplinary Rules Prof'l Conduct R. 3.09(a). Section (b) concerns prosecutorial involvement in custodial interrogations. Tex. Disciplinary Rules Prof'l Conduct R. 3.09(b). Section (c) concerns prosecutorial efforts to obtain waivers of rights from an unrepresented accused. Tex. Disciplinary Rules Prof'l Conduct R. 3.09(c). And section (e) instructs prosecutors to exercise reasonable care to prevent persons under their employment or control from making extrajudicial statements that have a substantial likelihood of materially prejudicing a trial. Tex. Disciplinary Rules Prof'l Conduct R. 3.09(e); *see also* Tex. Disciplinary Rules Prof'l Conduct R. 3.07. Viewing Rule 3.09 as a whole, we note that no other portion of the rule contemplates post-conviction conduct or duties; this is some indication that Rule 3.09(d) as written does not impose a post-conviction duty of disclosure.

Because the rule's plain language does not expressly foreclose the Commission's

position regarding post-conviction application, we also look at other sources for guidance. *See, e.g.*, *In re Hecht*, 213 S.W.3d at 565–67 (analyzing a variety of sources in construing provision of Code of Judicial Conduct including committee and task force recommendations regarding amendments to Code of Judicial Conduct, as well as other states' code provisions).

Rule 3.09 was modeled after Rule 3.8 the American Bar Association's Model Rules of Professional Conduct. *See Bd. of Law Exam'rs of State v. Stevens*, 868 S.W.2d 773, 777 (Tex. 1994). Rule 3.09(d)'s language is identical to the language of Model Rule 3.8(d). *Compare* Tex. Disciplinary Rules Prof'l Conduct R. 3.09(d), *with* MODEL RULES OF PROF'L CONDUCT r. 3.8(d) (AM. BAR ASS'N 1983).

The American Bar Association amended Model Rule 3.8 in 2008 to include two new subsections that explicitly impose on prosecutors a duty to disclose evidence learned post-conviction and to attempt to rectify an improper conviction:

(g) When a prosecutor knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted, the prosecutor shall:

(1) promptly disclose that evidence to an appropriate court or authority, and

(2) if the conviction was obtained in the prosecutor's jurisdiction,

(i) promptly disclose that evidence to the defendant unless a court authorizes delay, and

(ii) undertake further investigation, or make reasonable efforts to cause an investigation, to determine whether the defendant was convict-

ed of an offense that the defendant did not commit.

(h) When a prosecutor knows of clear and convincing evidence establishing that a defendant in the prosecutor's jurisdiction was convicted of an offense that the defendant did not commit, the prosecutor shall seek to remedy the conviction.

MODEL RULES OF PROF'L CONDUCT r. 3.8(g), (h) (AM. BAR ASS'N 1983); *see also* Michele K. Mulhausen, *A Second Chance at Justice: Why States Should Adopt ABA Model Rules of Professional Conduct 3.8(g) and (h)*, 81 U. COLO. L. REV. 309, 311 (2010) (noting that subsections 3.8(g) and (h) "impose new ethical duties on a prosecutor who learns of evidence that casts doubt on a conviction").

In a recommendation to the ABA House of Delegates that the amendments be adopted, the Criminal Justice Section of the ABA noted:

The United States Supreme Court recognized in *Imbler v. Pachtman*, 424 U.S. 409, 427 n. 25, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), that prosecutors are "bound by the ethics of [their] office to inform the appropriate authority of after-acquired or other information that cases[4] doubt upon the correctness of the conviction." Further, when a prosecutor concludes upon investigation of such evidence that an innocent person was convicted, it is well recognized that the prosecutor has an obligation to endeavor to rectify the injustice. These obligations have not, however, been codified in Rule 3.8 of the ABA Model Rules of Professional Conduct, which identifies the "Special Responsibilities of a Prosecutor." Proposed Rules 3.8(g) and (h), and

4. This is a typographical error. The footnote in *Imbler* reads: "information that casts doubt upon the correctness of the convic-

tion." *See Imbler v. Pachtman*, 424 U.S. 409, 427 n.25, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

the accompanying Comments would rectify this omission.

Stephen J. Saltzburg, AM. BAR ASS'N CRIMINAL JUSTICE SECTION, *Recommendation 105B*, at 3 (2008) (available at http://www.americanbar.org/content/dam/aba/directories/policy/2008_my_105b.authcheckdam.pdf) (footnotes omitted). The report went on to note that, "[a]s the proposed provisions reflect, it is important to codify prosecutorial duties upon learning of possible false convictions." *Id.* at 4. The report stated that the proposed amendments to Model Rule 3.8 were "designed to provide clear guidance to prosecutors concerning their minimum disciplinary responsibilities . . . ." *Id.* at 5.

In summary, the report recommended "the amendment of Rule 3.8 of the ABA Model Rules of Professional Conduct to identify prosecutors' obligations when they know of new evidence establishing a reasonable likelihood that a convicted defendant did not commit the offense of which he was convicted." *Id.* at 10; *see also* Mulhausen, *supra* at 325 ("Model Rules 3.8(g) and (h) are consistent with current constitutional and ethical obligations for prosecutors and are within the duty to seek justice for society at large in every case. The amendments will simply extend those existing responsibilities from the pre-trial and trial stages to the postconviction context as well.").

■ The ABA's interpretation of the model rule amendments—particularly those not yet adopted in Texas—is not binding on us. *See, e.g.*, *In re Meador*, 968 S.W.2d 346, 349 n.1, 350 (Tex. 1998) (orig. proceeding) (ABA committee's opinions interpreting model rules are often cited as persuasive authority but are not binding). But this interpretation nonetheless cuts against the Commission's position. By adopting the amendments to Model Rule 3.8, the ABA in effect agreed with the Criminal Justice Section's conclusion that the rule as written did not impose on prosecutors a post-conviction duty of disclosure. The ABA's decision to amend Model Rule 3.8 so that it unequivocally imposes a post-conviction duty of disclosure is significant because Texas Rule 3.09(d) is worded identically to Model Rule 3.8(d) as that rule was worded before the 2008 amendments.

Texas Rule 3.09 has not been amended to expressly expand the duty of disclosure post-conviction. The Texas Disciplinary Rules of Professional Conduct underwent extensive review beginning in 2003 and culminating when the Texas Supreme Court ordered a referendum on proposed revisions to the rules in November 2010. *See* Supreme Court Order of November 16, 2010, Misc. Docket No. 109190, 73 Tex. B.J. 898 (2010); *see also* Supreme Court Order of August 29, 2003, Misc. Docket No. 03–9147 (Order Creating Task Force on the Texas Disciplinary Rules of Professional Conduct). Although revisions were proposed regarding Rule 3.09(d), the proposed changes did not incorporate the amendments to ABA Model Rule 3.8 despite the referendum taking place two years after the ABA amendments. *See generally* Supreme Court Order of November 16, 2010, Misc. Docket No. 109190, 73 Tex. B.J. 898 (2010).

Also significant is the dearth of caselaw applying Rule 3.09(d) in the post-conviction context. The Commission acknowledges that no Texas case has applied Rule 3.09(d) to post-conviction conduct since the rule went into effect in 1989. Nor has the Commission been able to identify a single disciplinary action before the current cases in which it sought to apply Rule 3.09(d) to post-conviction conduct.

The Commission looks for support to an ethics handbook addressing this issue. *See* 48A Robert P. Schuwerk & Lillian B.

Hardwick, *Texas Practice Series: Handbook of Texas Lawyer and Judicial Ethics* § 8:9 (2016) (stating that Rule 3.09(d)'s "duty to disclose continues and applies even if exculpatory facts do not come to the prosecutor's attention until the eve of trial or after a conviction"). The Commission's reliance is misplaced because the text at issue relies on *Imbler* for the proposition that Rule 3.09(d)'s duty of disclosure continues after conviction. *See id.* at n.74; *see also Imbler*, 424 U.S. at 427 n.25, 96 S.Ct. 984. The Criminal Justice Section noted *Imbler*'s language in its report to the ABA House of Delegates but stated that Model Rule 3.8(d)—worded identically to Rule 3.09(d)—did not codify *Imbler*'s ethical standard for prosecutors. *See* Saltzburg, AM. BAR ASS'N CRIMINAL JUSTICE SECTION, *Recommendation 105B*, at 3.

Timely disclosure of exculpatory or mitigating information is important. So too is clarity in describing the responsibilities placed upon prosecutors in this context. *See* Tex. Disciplinary Rules Prof'l Conduct preamble ¶ 11 (compliance with the rules "depends primarily upon understanding"); *Comm'n for Lawyer Discipline v. Benton*, 980 S.W.2d 425, 437–38 (Tex. 1998) (although "disciplinary rules need not satisfy the higher degree of specificity required of criminal statutes," the rule must be set out in terms that an "ordinary lawyer, with 'the benefit of guidance provided by case law, court rules and the lore of the profession,' could understand and comply with it") (quoting *Howell v. State Bar of Tex.*, 843 F.2d 205, 208 (5th Cir. 1988)); *Brown v. Comm'n for Lawyer Discipline*, 980

S.W.2d 675, 682 (Tex. App.–San Antonio 1998, no pet.) (a rule is fatally vague if it exposes a potential actor to some risk or detriment without giving fair warning of the nature of the proscribed conduct).[5] Based on the guidance available to Healey and Hanna at the time they became aware of the potentially exculpatory information in Estrada's case, we do not believe an ordinary lawyer would have understood Rule 3.09(d) as imposing a post-conviction duty of disclosure. To hold otherwise would belatedly read Rule 3.09(d) as imposing a post-conviction duty when the rule never had been applied in that manner since its enactment more than a quarter century ago.

■ Taking all of these considerations into account, we conclude that Rule 3.09(d) did not impose a post-conviction duty of disclosure on Healey and Hanna for their conduct at issue.

Our holding should not be misinterpreted as a conclusion that prosecutors owe no duty to disclose exculpatory information post-conviction; rather, our holding is limited to a determination that Rule 3.09(d) did not impose such a duty under the specific facts and circumstances of this case and, therefore, cannot be the basis for the Commission's disciplinary actions against Healey and Hanna.

Since the conduct at issue in this case, Article 39.14 of the Texas Code of Criminal Procedure was amended to require prosecutors to disclose exculpatory information learned post-conviction.[6] *See* Tex.

---

5. Although this case does not come before us in the context of a vagueness challenge, in determining whether the disciplinary rule demands certain conduct as a matter of law we must determine what conduct the disciplinary rule is reasonably understood to prohibit or require.

6. The amendments to Article 39.14 adding a post-conviction requirement of disclosure took effect January 1, 2014, and apply only to the prosecution of offenses committed on or after that date. *See* Act of May 16, 2013, 83rd Leg., R.S., ch. 49, §§ 3, 4, 2013 Tex. Gen. Laws 106, 108 (codified at Tex. Code Crim. Proc. Ann. art. 39.14). Because Estrada's case

Code Crim. Proc. Ann. art. 39.14(h), (k) (Vernon Supp. 2016) (requiring disclosure of "any additional document, item, or information" that "tends to negate the guilt of the defendant," even if such information is discovered after trial);[7] *Francis v. State*, 428 S.W.3d 850, 856 n.12 (Tex. Crim. App. 2014) (noting that "the recent revision to Article 39.14, the so-called Michael Morton Act, has for the first time included a duty of continued disclosure"). Interpretation of the Texas Disciplinary Rules of Professional Conduct is informed by "laws defining specific obligations of lawyers and substantive and procedural law in general." *See* Tex. Disciplinary Rules Prof'l Conduct preamble ¶ 11. We are not called upon in this case to opine about whether Rule 3.09(d) would apply to impose a post-conviction duty of disclosure in a case arising after the amendment of Article 39.14 and informed by the prosecutorial post-conviction duty of disclosure codified in that act.

We further note that the Texas Disciplinary Rules of Professional Conduct establish the "minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action;" however, the rules "do not ... exhaust the moral and ethical considerations that should guide a lawyer." *See* Tex. Disciplinary Rules Prof'l Conduct preamble ¶¶ 7, 11. "A prosecutor has the responsibility to see that justice is done, and not simply to be an advocate." Tex. Disciplinary Rules Prof'l Conduct R. 3.09 cmt. 1. Although we determine today that Rule 3.09(d) did not impose a post-conviction duty of disclosure under the circumstances of this case, prosecutors nevertheless should strive to see that justice is done before and after con-

viction. *See* Tex. Disciplinary Rules Prof'l Conduct preamble ¶ 9 ("Each lawyer's own conscience is the touchstone against which to test the extent to which his actions may rise above the disciplinary standards prescribed by these rules.").

Having determined that, at the time of the conduct at issue in this case, a prosecutor's Rule 3.09(d) duty to disclose evidence did not extend after conviction, we conclude that there was no basis in law for the Commission's claims asserting that Healey and Hanna violated Rule 3.09(d). Accordingly, the trial court properly dismissed the Commission's suits. *See* Tex. R. Civ. P. 91a; *see also, e.g.*, *Merrick v. Helter*, 03–14–00708–CV, 500 S.W.3d 671, 676, 2016 WL 4429932, at *4 (Tex. App.–Austin Aug. 18, 2016, pet. denied) ("At bottom, Merrick's arguments urge us to alter existing Texas law. Whether 'public policy' as Merrick perceives it should warrant such a change is the prerogative of the Legislature or the Texas Supreme Court; this intermediate appellate court does not have such say. Unless and until that occurs, Merrick's claim at issue has 'no basis in law' and the probate court properly dismissed it under Rule 91a.").

### CONCLUSION

We affirm the trial court's judgments dismissing the disciplinary proceedings.

---

arose in 2006, article 39.14 does not apply in this case.

**7.** Of note, although using the same phrase as Rule 3.09(d)'s requirement to disclose information that "tends to negate the guilt of the

accused," the legislature substituted the term "defendant" for "accused" when drafting a statute imposing a post-conviction duty of disclosure. *See* Tex. Code Crim. Proc. Ann. art. 39.14(h).