

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00877-CV

Joe Jesse **PONCE**, III,
Appellant

v.

**COMMISSION FOR LAWYER DISCIPLINE**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI13669
Honorable Janet L. Leal, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: June 30, 2021

AFFIRMED

Appellant Ponce violated his disciplinary probation and was required to serve a full year of suspension from legal practice as a result. Ponce asked the trial court to delay the suspension of his legal practice based on his argument that there was no danger in allowing him to represent clients after his probation revocation. The trial court ruled that it lacked the jurisdiction to grant Ponce's request. Ponce appeals the ruling, arguing that the case should be remanded to the trial court for a hearing on whether any potential harm exists that would prevent him from practicing law during his suspension. We affirm the trial court's judgment.

## BACKGROUND

Appellant Ponce was suspended from legal practice in 2017 for one year following the trial court's Misconduct Judgment against him under Rule 8.04(a)(7) of the Texas Disciplinary Rules of Professional Conduct. The trial court probated eleven months of the suspension and ruled that the probation period should last for a term of twenty-three months to end in December 2019. Ponce did not appeal the judgment. Before the end of Ponce's probation, the Commission for Lawyer Discipline filed a motion to revoke on the grounds that Ponce failed to comply with most of the terms of his suspension. The trial court granted the motion and revoked Ponce's probation. The same day his probation was revoked, Ponce filed a motion to "abate" the judgment, citing Rule 3.13 of the Texas Rules of Disciplinary Procedure, which describes the conditions under which a judgment of suspension is stayed. *See* TEX. RULES DISCIPLINARY P. R. 3.13, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A-1. Ponce argued he should be permitted to present testimony to show that there was no danger in allowing him to continue to practice law during his suspension period following the trial court's revocation order. The following month, the trial court held a hearing on Ponce's motion and ruled that it had no jurisdiction to consider Ponce's request to "abate" or stay his suspension under the circumstances. Ponce appeals that ruling.

## STANDARD OF REVIEW

We generally review disciplinary proceedings for an abuse of discretion. *See State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex. 1994); *Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 234–35 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *State Bar of Texas v. Leighton*, 956 S.W.2d 667, 669 (Tex. App.—San Antonio 1997, pet. denied). But whether a court has jurisdiction is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *In re Sheppard*, 193 S.W.3d 181, 185 (Tex. App.— Houston [1st Dist.] 2006, no pet.); *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 409

(Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Similarly, a trial court's disciplinary authority, i.e., jurisdiction, is a question of law, which we review de novo. *See Comm'n for Lawyer Discipline v. Denisco*, 132 S.W.3d 211, 215 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

## TRIAL COURT'S AUTHORITY TO SUSPEND OR "ABATE" ATTORNEY'S PROBATION REVOCATION

### A.  Law

Under the Texas Rules of Disciplinary Procedure, the trial court "can take only one action" during an attorney's disciplinary probation: "consider motions to revoke probation." *Denisco*, 132 S.W.3d at 214; *see also* TEX. RULES DISCIPLINARY P. R. 3.12 ("If all or any part of a suspension from the practice of law is probated under this Part III, the court retains jurisdiction during the full term of suspension, including any probationary period, to hear a motion to revoke probation."). Generally, in disciplinary actions at the trial court level, the "Texas Rules of Civil Procedure apply except as altered by the Rules of Disciplinary Procedure." *Id*. (citing TEX. RULES DISCIPLINARY P. R. 3.08(B)). Under the Rules of Civil Procedure, "a trial court has plenary power to vacate, modify, correct, or reform its judgment within thirty days after the judgment is signed." *Id*. (citing TEX. R. CIV. P. 329b(d)). Thereafter, a "trial court retains the authority to enforce its judgments, but its enforcement orders may not be inconsistent with the original judgment or constitute a material change in the substantive adjudicated portions of the judgment." *Id*. at 215 (citing *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, no writ); TEX. R. CIV. P. 308.). Upon revocation, the trial court may not stay a suspension. *See* TEX. RULES DISCIPLINARY P. R. 3.13; *Denisco*, 132 S.W.3d at 216.

### B.  Analysis

The judgment in this case was for one year of suspended legal practice, eleven months of which were probated, and the trial court signed it on July 6, 2017. The Commission for Lawyer

Discipline filed a Motion to Revoke on September 30, 2019, which the trial court heard and granted. Ponce then filed a Motion to Abate Judgment, citing Texas Rule of Disciplinary Procedure 3.13. But Rule 3.13, entitled *No Supersedeas*, explicitly applies a stay *prohibition* to revocation orders and makes an *exception* for judgments of suspension. It states:

> A district court judgment of disbarment or an order revoking probation of a suspension from the practice of law cannot be superseded or stayed. The Respondent may within thirty days from entry of judgment petition the court to stay a judgment of suspension. The Respondent carries the burden of proof by preponderance of the evidence to establish by competent evidence that the Respondent's continued practice of law does not pose a continuing threat to the welfare of Respondent's clients or to the public. A judgment of suspension shall be stayed during the pendency of any appeals therefrom if the district court finds that the Respondent has met that burden of proof. The district court may condition its stay upon reasonable terms, which may include, but are not limited to, the cessation of any practice found to constitute Professional Misconduct, or it may impose a requirement of an affirmative act such as an audit of a Respondent's client trust account. There is no interlocutory appeal from a court's stay of a suspension, with or without conditions.

TEX. RULES DISCIPLINARY P. R. 3.13.

The abatement that Ponce requests applies to the judgment of suspension, not to the trial court's revocation order. *See Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 840 (Tex. App.—Dallas 2000, no pet.) (listing possible judgments against attorneys guilty of misconduct as reprimand, suspension, and disbarment, explaining that a judgment of suspension may be stayed pending appeal if requested). Ponce seems to conflate the final judgment of suspension and the trial court's probation revocation order, perhaps because the full suspension levied in the judgment went into effect upon the trial court's revocation order, but the trial court's authority to stay Ponce's suspension expired under the thirty-day term specifically defined in Rule 3.13 of the Texas Rules of Disciplinary Procedure. *See* TEX. RULES DISCIPLINARY P. R. 3.15, 3.13; *Denisco*, 132 S.W.3d at 215. Accordingly, the time to request a stay of Ponce's suspension expired

thirty days after the July 6, 2017 judgment. *See* TEX. RULES DISCIPLINARY P. R. 3.13; *Denisco*, 132 S.W.3d at 215.

For this appeal, Ponce could have appealed his revocation, *see* TEX. RULES DISCIPLINARY P. R. 3.15; *Sarfo v. Comm'n for Lawyer Discipline*, No. 03-18-00789-CV, 2019 WL 578417, at *1 (Tex. App.—Austin Feb. 12, 2019, no pet.), but without a stay. *See* TEX. RULES DISCIPLINARY P. R 3.13; *Denisco*, 132 S.W.3d at 216. As Ponce notes, "effect must be given, if possible, to every word, clause and sentence of a statute." *Orsinger v. Schoenfeld*, 269 S.W.2d 561, 564 (Tex. App.—San Antonio 1954, writ ref'd n.r.e.); *accord Allen v. Mauro*, 733 S.W.2d 228, (Tex. App.—El Paso 1986).[1]

In giving effect to Rule 3.13 of the Texas Rules of Disciplinary Procedure, we note that the rule specifically states 1) "an order revoking probation of a suspension from the practice of law cannot be superseded or stayed," and 2) a "Respondent may within thirty days from entry of judgment petition the court to stay a judgment of suspension." It is obvious that the plain meaning of the rule is that it does not provide for the possibility of practicing law during a suspension period that goes into full effect after a respondent's disciplinary probation has been revoked. Accordingly, the trial court was correct in its ruling that it had no authority to consider Ponce's request to "abate" or stay the court's enforcement of its 2017 judgment. *See* TEX. RULES DISCIPLINARY P. R. 3.13; *Denisco*, 132 S.W.3d at 215 ("[C]ourts may only act in the manner provided by the statute which created the right."). For this reason, we overrule Ponce's sole issue on appeal.

---

[1] "Promulgated rules have the same force and effect as statutes" and are therefore interpreted using the same rules of construction. *Comm'n for Lawyer Discipline v. Hanna*, 513 S.W.3d 175, 178 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Love v. State Bar of Tex.*, 982 S.W.2d 939, 942 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988)).

**CONCLUSION**

After considering Ponce's argument for an "abatement" or stay of his suspension, we conclude that the Texas Rules of Disciplinary Procedure do not authorize the trial court to grant such a request. Thus, we affirm the judgment of the trial court.

Patricia O. Alvarez, Justice